UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHANNON CAMPBELL,<br><br>                  Plaintiff,<br>     v.<br><br>FELD ENTERTAINMENT, INC., d/b/a<br>RINGLING BROS. AND BARNUM &<br>BAILEY CIRCUS, RINGLING BROS. CIRCUS<br>GENERAL MANAGER JAMES DENNIS,<br>RINGLING BROS. CIRCUS OPERATIONS<br>MANAGER MATTHEW GILLET, and Does 1<br>through 10,<br><br>                  Defendants. | Case No.: 12-CV-04233-LHK<br><br>ORDER RE MOTION TO TRANSFER;<br>MOTION TO RELATE; AND MOTION<br>FOR EXTENSION OF TIME |

Currently before the Court are three motions: Plaintiff Shannon Campbell's Motion to Transfer, ECF No. 8; Plaintiff's Motion to Consider Whether Cases Should be Related Pursuant to Civil Local Rule 7-11, ECF No. 32; and Plaintiff's Motion for Extension of Time to File Response/Reply to Defendants' Motion to Dismiss, ECF 33. For the reasons stated herein, Plaintiff's motions are GRANTED in part, and DENIED in part.

First, the Court finds that Plaintiff has not established good cause to transfer this case to the Northern District of California's Oakland or San Francisco divisions. Plaintiff designated her Complaint for the San Jose Division, *see* ECF No. 1, and also filed her Amended Complaint in the San Jose Division, *see* ECF No. 11. In addition, any enhanced convenience to Plaintiff and her counsel based on transferring this case to San Francisco or Oakland will be offset by the

1

1  inconvenience caused to Defendants' counsel. Ultimately, the Court is not persuaded by Plaintiff's
2  arguments regarding why the interests of justice will be served by transferring this case.
3  Accordingly, the Court DENIES Plaintiff's Motion to Transfer to Oakland or San Francisco
4  Division. *See* ECF No. 8.

5  Second, Plaintiff has filed a Motion to Consider Whether Cases Should be Related Pursuant
6  to Civil Local Rule 7-11. ECF No. 32. According to Civil Local Rule 3-12, "[a]n action is related
7  to another when: (1) The actions concern substantially the same parties, property, transaction or
8  event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and
9  expense or conflicting results if the cases are conducted before different Judges." N.D. Cal. Local
10 R. 3-12. Plaintiff asserts that this case is related to *Ennis v. Feld Entertainment, Inc.*, Case No. 13-
11 CV-00233-DMR, because "*Ennis* involves the exact same underlying events, identical defendants,
12 the identical or virtually identical allegations and causes of action, and the witnesses." ECF No.
13 32, at 1. Given the similarities between these cases, the Court agrees that there will be "unduly
14 burdensome duplication of labor and expense and there will be a risk of conflicting results if *Ennis*
15 is not related to this case." *Id*. Therefore, the Court GRANTS Plaintiff's motion to relate this case
16 to that of *Ennis v. Feld Entertainment, Inc*. However, because this case, *Campbell v. Feld*
17 *Entertainment, Inc.*, was filed on August 10, 2012, and *Ennis v. Feld Entertainment, Inc.*, was only
18 filed on January 17, 2013, the Clerk shall reassign *Ennis v. Feld Entertainment, Inc.*, to the
19 undersigned pursuant to Civil Local Rule 3-12(f). *See* N.D. Cal. Local R. 3-12(f) ("Upon a motion
20 by a party or a referral by another Judge . . . the Judge in this District who is assigned to the
21 *earliest-filed case* will decide if the cases are or are not related.") (emphasis added).

22 Third, Plaintiff filed a Motion to Enlarge Time to File Plaintiff's Response to Defendants'
23 Motion to Dismiss Plaintiff's First Amended Complaint. ECF No. 33. Plaintiff's deadline to file
24 the response to Defendant's motion to dismiss was due on January 30, 2013. However, Plaintiff's
25 counsel is currently scheduled to begin trial in the case of *Cuviello v. Feld Entertainment, Inc.*,
26 Case No. 11-5539, on February 5, 2013, before the Honorable Judge Paul S. Grewal. Although
27 *Cuviello v. Feld Entertainment, Inc.*, was originally scheduled to commence on February 19, 2013,
28 Judge Grewal recently advanced the trial date by two weeks in order to accommodate the court's

2

schedule.  *See* ECF No. 33, at 1.  Moreover, the hearing on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint in this case, ECF No. 26, is not scheduled until the end of May.  Accordingly, affording Plaintiff an extension of time to file a response by 30 days will neither disrupt this Court's schedule nor result in prejudice to Defendants.  Plaintiff has thus established good cause to extend the deadline for filing Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint for 30 days to Friday, March 1, 2013, and to correspondingly extend the time for Defendants to file their optional reply to Friday, March 8, 2013.  Therefore, the Court GRANTS Plaintiff's Motion to Enlarge Time.

Finally, the case management conference and hearing on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, which were scheduled for May 30, 2013, are hereby continued to June 20, 2013, at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: February 1, 2013

_____
LUCY H. KOH
United States District Judge

Case No.: 12-CV-04233-LHK
ORDER RE MOTION TO TRANSFER; MOTION TO RELATE; AND MOTION FOR EXTENSION OF TIME