1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHANNON CAMPBELL AND MARK ENNIS,   )<br>                            )<br>           Plaintiffs,      )<br>     v.                     )<br>                            )<br>FELD ENTERTAINMENT INC., et al,   )<br>                            )<br>           Defendants.      )<br>_____)| Case Nos.: 12-CV-4233-LHK and<br>13-CV-233-LHK<br><br>ORDER DENYING PLAINTIFFS'<br>MOTION FOR PRELIMINARY<br>INJUNCTION |

Plaintiffs Shannon Campbell ("Campbell") and Mark Ennis ("Ennis") (collectively "Plaintiffs"), who are animal rights activists, jointly move for a preliminary injunction to enjoin Defendants Feld Entertainment, Mike Stuart, David Bailey, James Dennis, Matthew Gillet, and Does 1 through 20 (collectively, "Defendants"), who operate Ringling Bros. and Barnum & Bailey Circus. Plaintiffs seek to prevent Defendants and their employees from engaging in activities that Plaintiffs assert will interrupt their protests and documentation of Defendants' mistreatment of animals.[1] The Court held a hearing on the motion on August 15, 2013. Because time is of the essence, the Court does not engage in a lengthy analysis of the issues. For the reasons stated below, Plaintiffs' request for the preliminary injunction is DENIED.

---

[1] Although originally filed separately, the Court consolidated Ennis' and Campbell's cases and their requests for preliminary injunction. *See* ECF No. 70.

## I.    BACKGROUND

Plaintiffs are members of Humanity Through Education ("HTE"), an animal rights activism group that protests the treatment of animals at circuses like the ones Defendants operate.  Second Am. Consol. Compl. ("Compl.") ¶ 16; Ennis Decl. ¶ 3; Campbell Decl. ¶ 3.  At the circus fora, the members of HTE, including Plaintiffs, hold signs and banners and offer informational leaflets about the condition and treatment of animals, such as Asian elephants, that perform in the circuses.  Compl. ¶ 16; Ennis Decl. ¶ 3; Campbell Decl. ¶ 5.  HTE members also videotape the treatment of the animals with the purpose of educating the public about that treatment.  Compl. ¶ 16; Ennis Decl. ¶ 13; Campbell Decl. ¶ 6.  Campbell has been leafleting patrons of the circus for six years and videotaping its treatment of animals for five years.  Compl. ¶ 20; Campbell Decl. ¶ 3.  Ennis has been engaged in protest activities for many years.  Compl. ¶ 21; Ennis Decl. ¶ 9.

Defendants' circus generally comes to the San Francisco Bay Area every August and September, and they typically perform one evening show per day during the week and two or three shows each weekend day.  Compl. ¶ 24; Ennis Decl. ¶ 11.  Two or three days before the first performance, Defendants bring the animals via railroad to the city in which they are performing and then walk the animals from the railroad to the forum.  Compl. ¶ 25; Ennis Decl. ¶ 12.  Defendants reverse the process after the last performance.  Compl. ¶ 25; Ennis Decl. ¶ 12.  In between, the animals are kept in a compound that often is set up in the parking lot of the arena in which the circus is appearing.  Compl. ¶ 26; Ennis Decl. ¶ 14.  Plaintiffs and other members of HTE videotape the animals during the walks to and from the railroad and while the animals remain in the compound.  Compl. ¶ 27; Ennis Decl. ¶¶ 13, 14; Campbell Decl. ¶ 6.

Plaintiffs assert that for the past several years, circus personnel have harassed them and interfered with their ability to videotape the animals.  Compl. ¶ 28; Ennis Decl. ¶¶ 15, 19-26; Campbell Decl. ¶ 7.  Ennis complains that Defendants' employees and arena security have physically assaulted him and attempted to block his videotaping.  Compl. ¶ 29; Ennis Decl. ¶¶ 20, 25-26, 28.  Ennis alleges that Defendants' employees have thrown objects at him, hit his camera, and pushed him.  As a result he fears for his personal safety.  Compl. ¶ 32; Ennis Decl. ¶¶ 28, 30, 34-35.  Ennis specifically alleges that during an encounter in July 2012 in Fresno, California,

2

1 | employees threw "a plastic bottle, a handful of ice cubes and two wooden sticks" at Ennis and a
2 | fellow protestor.  Compl. ¶ 47; Ennis Decl. ¶ 28.  Campbell claims that Defendants' employees
3 | have shined laser pointers and strobe lights into her camera lens and directly into her eyes in their
4 | efforts to prevent her from videotaping, including in August 2010 in Oakland, California and in
5 | San Jose, California.  Compl. ¶¶ 31, 45.  She asserts that as a result she cannot continue to
6 | videotape the animal treatment because she fears damaging her eyes.  *Id.*

7 |      Plaintiffs complain that beginning in 2006 "and to the present" Defendants' employees hold
8 | a long rope alongside the animals as the animals are being walked from the railroad to the forum.
9 | Compl. ¶ 33; Ennis Decl. ¶ 19.  According to Plaintiffs, Defendants' employees use the rope to
10 | interfere with their protests and their videotaping of the animal walk by wrapping the rope around
11 | Plaintiffs, pushing the rope into Plaintiffs as they walk on the sidewalk, and hooking the rope under
12 | Plaintiffs' monopods for their video cameras.  Compl. ¶ 33; Ennis Decl. ¶¶ 19, 23, 25-26;
13 | Campbell Decl. ¶¶ 7, 12, 15.  Plaintiffs assert that as a result they must redirect their attention from
14 | their protest and videotaping activities to "monitoring the actions of the employees holding the
15 | rope" and "repeatedly telling the Circus employees to stop harassing them with the rope."  Compl.
16 | ¶ 40; Ennis Decl. ¶¶ 34-35; Campbell Decl. ¶ 8.  Campbell claims that she was injured by rope
17 | burn on her hands when she tried to move the rope away from her body and the employees pulled
18 | the rope tighter.  Compl. ¶ 41; Campbell Decl. ¶ 15.  Campbell claims that during an August 2012
19 | animal walk, Defendants' employees forced her off the paved road and to climb over a barricade,
20 | resulting in bruising on her leg that persisted for a month.  Compl. ¶ 75; Campbell Decl. ¶¶ 12-13.
21 | Plaintiffs also claim that during the animal walks, Defendants violate the restrictions imposed by
22 | the municipal permits Defendants obtain to walk the animals in public streets.  Compl. ¶ 38.
23 | Plaintiffs point to specific encounters in Stockton, California in September 2007; in Oakland,
24 | California in August 2009; and in Daly City, California in August and September 2011.  At those
25 | encounters, Defendants' employees used the rope to interfere with Plaintiffs' videotaping of the
26 | animal walk.  Compl. ¶ 43.

27 |      Defendants dispute this characterization of the encounters between their employees and
28 | Plaintiffs.  Defendant Mike Stuart ("Stuart") asserts that the rope, which is "made of nylon twine"

3

**United States District Court**
For the Northern District of California

1    and "about the diameter of a thumb," is used "to create a visible buffer zone to keep the public at a

2    safe distance so that they can watch the animal walk without getting too close to the animals."

3    Stuart Decl. ¶ 11.  According to Defendant David Bailey ("Bailey"), Plaintiffs and other animal

4    activists, not circus employees, created disturbances as Plaintiffs and the other activists moved

5    "closer and closer" to the rope barrier, and "shout[ed], push[ed], and elbow[ed]" various circus

6    employees who were holding the ropes."  Bailey Decl. ¶ 6.  Bailey further asserts that the activists'

7    activities "created the risk of an unsafe environment for everyone present."  *Id.*  Jonathan Miller

8    ("Miller"), the animal superintendent for the circus's Red Unit, states that during an animal walk

9    activists pushed a security guard "out of the way in order to keep following the animals."  Miller

10   Decl. ¶ 7.  Miller also states that he observed other protestors associated with Plaintiffs shove and

11   push circus employees.  Miller Decl. ¶ 9.

12        On August 7, 2012, in Oakland, California, Plaintiffs sought to videotape the animal walk,

13   which Defendants advertised as an opportunity for the public to view the animals.  Compl. ¶ 51;

14   Leigh Decl. Exs. I, J.  As Campbell attempted to videotape the animals, Defendants' employees,

15   including Stuart and Bailey, used "the ropes and their bodies to attempt to block" Campbell from

16   videotaping.  Compl. ¶ 52; Campbell Decl. ¶¶ 9-13.  After Stuart physically blocked Ennis from

17   entering the arena parking lot, Ennis told Stuart that the lot was "publicly owned and open to the

18   public."  Compl. ¶ 53; Ennis Decl. ¶ 29.  Plaintiffs claim that Stuart used his size to physically

19   intimidate them and in fact made contact with them in an effort to prevent their protests.  Compl. ¶

20   53; Ennis Decl. ¶ 30; Campbell Decl. ¶ 12.  On August 8, 2012, Ennis was protesting at the HP

21   Pavilion in San Jose, California, when one of Defendants' employees – whom Ennis knew was an

22   employee from his badge – "purposely walked into" Ennis while he was videotaping from a public

23   sidewalk.  Compl. ¶ 59; Ennis Decl. ¶ 31.

24        Plaintiffs claim that Defendants and their employees were motivated by Plaintiffs' political

25   beliefs and the intent to prevent them from exercising their speech rights.  Compl. ¶¶ 76, 77; Ennis

26   Decl. ¶ 38; Campbell Decl. ¶ 7.  Plaintiffs assert that as a result of Defendants' actions, Plaintiffs

27   have suffered emotional distress, including severe stress, anxiety, depression, and loss of sleep, and

28   the distress has been cumulative.  Compl. ¶ 78; Ennis Decl. ¶ 39; Campbell Decl. ¶ 16.  Plaintiffs

1   further claim that Defendants' actions cause them to fear for their safety and for damage to their

2   property.  Compl. ¶ 74; Ennis Decl. ¶ 36.

3        From these factual allegations, Plaintiffs each assert several causes of action.  Campbell

4   brings nine causes of action: (1) unlawful business practices that violate Cal. Bus. & Prof. Code §

5   17200; (2) violations of the Ralph Act, Cal. Civ. Code § 51.7; (3) violations of Article I, § 2(a) of

6   the California Constitution; (4) violations of the Bane Act, Cal. Civ. Code § 52.1; (5) claims under

7   Cal. Civ. Proc. Code §§ 527.6(a), (b); (6) intentional infliction of emotional distress ("IIED"); (7)

8   negligent supervision; (8) assault; and (9) battery.  Ennis brings six causes of action: (1) violations

9   of the Ralph Act, Cal. Civ. Code § 51.7; (2) violations of Article I, § 2(a) of the California

10  Constitution; (3) violations of the Bane Act, Cal. Civ. Code § 52.1; (4) claims under Cal. Civ. Proc.

11  Code § 527.6(a), (b); (5) negligent supervision; and (6) battery.

12       On July 15, 2013, Plaintiffs filed their joint motion for a preliminary injunction against

13  Defendants, in which they initially requested the court to enjoin Defendants and their employees in

14  the following ways:

15       (1)   Ringling employees shall not extend the boundaries of the animal walk, as
              delineated by the ropes held by the rope handlers or the bodies of the rope
16            handlers, beyond the confines of the street;

17       (2)   Ringling employees must, at all times, maintain a safe passageway of at
18            least three (3) feet along the sidewalks or within the street (where there are
              no sidewalks wide enough to accommodate) so that Plaintiffs and other
19            members of the public can safely move unencumbered along a paved
20            surface during the animal walks;

21       (3)   Ringling employees shall not force Plaintiffs and other members of the
22            public onto unpaved shoulders of the roads where there is no sidewalk;

23       (4)   Ringling employees must hold the ropes between their bodies and the
              animals rather than between their bodies and the public;

24       (5)   Ringling employees be [sic] prohibited from making contact with
25            Plaintiffs and other members of the public through the use of ropes or any
              other instrumentality during the animal walks;
26
         (6)   Ringling must apply for and receive appropriate permits prior to
27            conduct[ing] the animal walks; and
28

United States District Court
For the Northern District of California

(7)    Ringling employees must adhere to the pertinent municipal code restrictions related to its conduct of the animal walk parades through the streets of the various locations where these events take place.

Prelim. Inj. Mot. at 1-2; ECF No. 25.  They requested that the injunction apply at several locations and on several dates: (1) August 15-19, 2013 in Oakland, California; (2) August 21-26, 2013 in San Jose, California; (3) August 29 to September 2, 2013 in Daly City, California; (4) September 13-16, 2013 in Sacramento, California; and (5) September 20-22, 2013 in Stockton, California. Prelim. Inj. Mot. at 1 n.1.  Defendants filed their opposition to the motion on July 29, 2013.  ECF No. 84.  Plaintiffs filed their reply on August 5, 2013.  ECF No. 88.

In support of their respective positions, the parties each offered declarations from participants in the animal walks.  They also offered video evidence from encounters between Plaintiffs and Defendants' employees during the formal animal walks between the railroad stations and the arenas.  Campbell Decl. Exs. A, B; Laddon Decl. Ex. A.

## II.    PLAINTIFFS' REVISED PRELIMINARY INJUNCTION REQUEST

Following the hearing on this motion and further discussions between the parties, Plaintiffs filed a Notice Re Narrowed Request for Injunctive Relief on August 16, 2013.  ECF No. 97. Because Defendants are not engaging in formal "animal walks" this year, Plaintiffs seek only an injunction during the circus performances in San Jose on August 21-26, 2013.  *Id.*  According to Plaintiffs, Defendants' employees walk the animals along a public street between the compound where the animals are housed and the arena where they perform (referred to at the hearing as "informal walks").  Reply at 6-7.  In their revised injunction request, Plaintiffs seek to enjoin Defendants and their employees to "stay off the public sidewalk and confine their activities to the street"; hold the rope between the employees and the animals, rather than between the employees and Plaintiffs; and where there is no sidewalk, provide Plaintiffs a three-foot buffer zone within which to film the animals as they walk by.  ECF No. 97.

On August 16, 2013, Defendants opposed Plaintiffs' revised injunction request on multiple grounds, including the fact that Plaintiffs' revised injunction request was not contained in Plaintiffs' original motion.  ECF No. 98.  Defendants also assert that "Plaintiffs' new request fails

1   to establish that FEI uses rope barriers when it moves animals the short distance from their sleeping

2   compound to the SAP Arena in San Jose.  It does not." *Id.*

3   **III.    LEGAL STANDARDS**

4           A preliminary injunction is an extraordinary remedy, never granted as a matter of right.

5   *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008).  "A plaintiff seeking a preliminary

6   injunction must establish that he is likely to succeed on the merits, that he is likely to suffer

7   irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,

8   and that an injunction is in the public interest."  *Id*. at 20.  The party seeking the injunction bears

9   the burden of proving these elements.  *Klein v. City of San Clemente*, 584 F. 3d 1196, 1201 (9th

10  Cir. 2009).  The issuance of a preliminary injunction is at the discretion of the district court.

11  *Cottrell,* 632 F.3d at 1131.  In cases where the moving party "seeks mandatory preliminary relief

12  that goes well beyond maintaining the status quo *pendente lite*, courts should be extremely cautious

13  about issuing a preliminary injunction."  *Martin v. International Olympic Committee*, 740 F.2d

14  670, 675 (9th Cir. 1984).

15          The Court does not adopt the sliding scale standard set forth by the Ninth Circuit in

16  *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1135 (9th Cir. 2011).  In *Cottrell*, the

17  Ninth Circuit found that the following standard for granting preliminary injunctions remained

18  viable after *Winter*: when "serious questions going to the merits and a balance of hardships [] tips

19  sharply toward the plaintiff . . . so long as plaintiff also shows that there is a likelihood of

20  irreparable injury and that the injunction is in the public interest."  *Id.*  The Court finds, however,

21  that this "serious questions" standard is in tension with *Winter* and prior Ninth Circuit case law

22  rejecting any earlier standards that are lower than the standard in *Winter*.  *See Am. Trucking Ass'ns,*

23  *Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (holding that "[t]o the extent that

24  our cases have suggested a lesser standard, they are no longer controlling, or even viable" and

25  specifically citing case law employing the "serious questions" standard).  The Court therefore

26  addresses only the *Winter* factors.

27

28

7

**United States District Court**
For the Northern District of California

IV.     DISCUSSION

Plaintiffs have accepted Defendants' representation that Defendants are not performing the formal "animal walks" in the Bay Area this year, and as a result, Plaintiffs have narrowed their injunction request. To that end, Plaintiffs' broader request set forth in their motion for dates spanning August and September of this year and at locations throughout the Bay Area is DENIED as moot.

Regarding Plaintiffs' narrowed request, the Court finds that an injunction nevertheless must be denied. Plaintiffs did not raise the issue of informal walks until Plaintiffs' reply brief – a fact Plaintiffs concede. *See* ECF No. 99 (noting that Plaintiffs submitted video evidence of informal animal walks "with their reply"). Because of the untimely addition of this argument, Defendants have not had an opportunity to offer any evidence about the conditions at the informal walks. Defendants, however, have offered unverified statements in their opposition to Plaintiffs' revised injunction request. ECF No. 98. The Court "need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Plaintiffs' failure to raise the informal walks in their motion is sufficient reason to deny Plaintiffs' revised injunction request.

Furthermore, Plaintiffs have not shown a likelihood of success on the merits of their claims, and Plaintiffs do not provide sufficient evidence to show a likelihood of future irreparable harm. Plaintiffs' failure to satisfy two of the *Winter* factors is fatal to their request. *Cottrell*, 632 F.3d at 1135 (noting that *Winter* requires "the plaintiff to make a showing on all four prongs").

A.     **Likelihood of Success on the Merits**

In their papers, Plaintiffs primarily discuss the right to access public streets and the right to freedom of speech and assembly, rather than any specific cause of action. *See* Prelim. Inj. Mot. at 14-18. At the hearing, Plaintiffs belatedly identified Section 52.1, assault, and battery, and then later Section 527.6 as the bases for their motion for preliminary injunction.

Despite identifying these causes of action and arguing generally that the evidence supports issuing an injunction, Plaintiffs have not offered the Court sufficient explanation connecting Plaintiffs' evidence to the underlying merits of these claims. While Plaintiffs raise examples of troubling behavior on the part of Defendants, Plaintiffs' motion papers do not discuss Section 52.1,

8

1    assault, battery, or Section 527.6 at all nor did Plaintiffs explain at the hearing how the *Winter*

2    factors apply to these causes of action.  Plaintiffs thus have not satisfied their burden to show a

3    likelihood of success on the merits of their claims.

4    **B.      Likelihood of Future Irreparable Harm**

5           Plaintiffs offer evidence of disturbing conduct on the part of Defendants.  For example,

6    Campbell asserts that during the August 2012 formal animal walk in Oakland, Defendants used the

7    ropes to push her into a barrier, and, as a result, she suffered bruising to her leg.  Campbell Decl. ¶

8    13; Campbell Decl. Ex. A.  Ennis describes an incident in Fresno, California in July 2012 when

9    circus employees threw items at him and a fellow protestor during the formal animal walk.  Ennis

10   Decl. ¶ 28.  Both Campbell and Ennis describe physical pushing and intimidation by Stuart and

11   Bailey during formal walks in August 2012 in San Jose and in Oakland.  Ennis Decl. ¶¶ 12, 13

12   (describing physical touching by Stuart, Bailey, and another employee in August 2012 in Oakland,

13   California); Campbell Decl. ¶ 3 (describing her six years of protesting), ¶¶ 12, 13 (describing

14   physical touching by Stuart, Bailey, and another employee in August 2012 in Oakland, California).

15   However, none of these incidents occurred during the informal walks.

16          During the hearing the parties were hard pressed to provide any information about the

17   informal walks, including in what cities the informal walks occurred, whether sidewalks or

18   underpasses were involved, whether there was sufficient room for a three feet buffer, and what

19   distance is traveled during the informal walks.[2]  Only after considerable time had passed, did

20   Plaintiffs contend that informal walks occurred only in San Jose.  The evidence that the parties

21   have provided regarding the informal walks in San Jose consist largely of the following statement

22   in the Campbell reply declaration: "Ringling employees also use the ropes on streets used by

23   Ringling to walk animals during circus engagements" including walking the animals "on a day-to-

24   day basis" "down Montgomery and West St. John streets." [3]

25   _____

[2] The dearth of information about the informal walks severely challenges the Court's ability to craft
26   an appropriate injunction.
[3] Plaintiffs filed a notice of manual filing of additional video evidence supporting Plaintiffs'
27   argument regarding the informal walks in San Jose, which Plaintiffs raised for the first time in their
     reply brief.  ECF No. 92.  Plaintiffs did not lodge a copy with the Clerk's office, however, and the
28   Court never received the video evidence.  Regardless, as stated above, the Court need not consider
     arguments raised for the first time in a reply brief.  *Zamani*, 491 F.3d at 997.

Case Nos.: 12-CV-4233-LHK and 13-CV-233-LHK
ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

United States District Court
For the Northern District of California

1    On this record, the Court cannot find that the Defendants' conduct of which Plaintiffs

2  complain with regard to the formal animal walks occur during the more limited transportation of

3  the animals during the informal walks.  Given the dearth of evidence about the informal walks, the

4  Court cannot find that Plaintiffs have shown a likelihood of irreparable harm at this time.

5    Moreover, the current record does not support much of the relief Plaintiffs request.  For

6  example, Plaintiffs request that the Court order Defendants to "stay off the public sidewalk and

7  confine their activities to the street."  ECF No. 97.  Such relief is unwarranted on this record.

8  **V.      CONCLUSION**

9    Plaintiffs fail to meet their burden of showing a likelihood of success on the merits or a

10  likelihood of future irreparable harm.  Because Plaintiffs have failed to establish a likelihood of

11  irreparable harm and success on the merits, the Court need not reach the remaining *Winters* factors

12  regarding the balance of the equities and the public interest.  Accordingly, the Court DENIES the

13  preliminary injunction request.

14  **IT IS SO ORDERED.**

15

16  Dated: August 22, 2013                                        *Lucy H. Koh*

17                                                              LUCY H. KOH
                                                              United States District Judge

18

19

20

21

22

23

24

25

26

27

28

Case Nos.: 12-CV-4233-LHK and 13-CV-233-LHK
ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION