UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHANNON CAMPBELL,<br><br>              Plaintiff,<br>v.<br><br>FELD ENTERTAINMENT, INC., *et al.*,<br><br>              Defendants.<br><br>MARK ENNIS,<br><br>              Plaintiff,<br>v.<br><br>FELD ENTERTAINMENT, INC., et al.,<br><br>              Defendants. | Case Nos.:  12-CV-04233-LHK<br>               13-CV-00233-LHK<br><br>ORDER DENYING MOTION FOR LEAVE TO AMEND |

Plaintiffs Shannon Campbell and Mark Ennis (collectively, "Plaintiffs") bring this motion for leave to amend their Second Amended Consolidated Complaint ("SACC") to substitute their negligent supervision claim with a negligence claim ("Motion for Leave to Amend"). Having considered the parties' arguments, the relevant law, and the record in this case, the Court hereby DENIES Plaintiffs' Motion for Leave to Amend.

## I. BACKGROUND

### A. Plaintiffs' Original Complaints, First Amended Complaints, and Second Amended Consolidated Complaint

1

On August 10, 2012, Plaintiff Shannon Campbell ("Campbell") filed her original Complaint asserting four causes of action, which did not include a claim for negligence or negligent supervision. Campbell ECF No. 1.[1] On December 20, 2012, prior to any defendant filing a response to Campbell's original Complaint, Campbell filed her First Amended Complaint ("FAC"), Campbell ECF No. 11, which asserted six causes of action, including negligent supervision, but not including negligence. *See id.* On January 16, 2013, Defendant Feld Entertainment, Inc. moved to dismiss Campbell's FAC. Campbell ECF No. 26. Campbell filed an opposition. Campbell ECF No. 42. Defendant Feld Entertainment, Inc. filed a reply. Campbell ECF No. 47.

On January 17, 2013, Plaintiff Mark Ennis ("Ennis") filed his original Complaint asserting six causes of action, including negligent supervision, but not including negligence. Ennis ECF No. 1. On April 16, 2013, Ennis filed his First Amended Complaint ("FAC"), which asserted the same six causes of action in his original Complaint. Ennis ECF No. 8. On May 22, 2013, Defendants Feld Entertainment, Inc., Mike Stuart ("Stuart"), and David Bailey ("Bailey") (collectively, "Defendants") moved to dismiss Ennis's FAC. Ennis ECF No. 13. Ennis filed an opposition. Ennis ECF No. 16. Defendants filed a reply. Ennis ECF No. 17.

On June 18, 2013, pursuant to the parties' agreement, the Court consolidated Campbell and Ennis's (collectively, "Plaintiffs") cases for pre-trial purposes and ordered Plaintiffs to file a Second Amended Consolidated Complaint. Campbell ECF Nos. 69 and 70. Accordingly, the Court denied as moot Defendants' prior motions to dismiss Campbell and Ennis's FACs. Campbell ECF No. 70 and Ennis ECF No. 45. On July 9, 2013, Plaintiffs filed a Second Amended Consolidated Complaint. Campbell ECF No. 73 ("SACC"). The SACC alleged negligent supervision, but did not allege negligence. *See id.*

On July 15, 2013, Plaintiffs moved for a preliminary injunction enjoining Defendants from interfering with the free exercise of Plaintiffs' rights to free speech, assembly, and access to public

---

[1] Docket entries in *Campbell v. Feld Entertainment, Inc. et al.*, Case No. 5:12-CV-04233-LHK, will be cited as "Campbell ECF." Docket entries in *Ennis v. Feld Entertainment, Inc. et al.*, Case No. 5:13-CV-00233-LHK, will be cited as "Ennis ECF."

2

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
ORDER DENYING MOTION FOR LEAVE TO AMEND

1  streets and walkways in multiple California cities in which Ringling scheduled circus events in

2  2013.  Campbell ECF Nos. 74 and 77.  On July 29, 2013, Defendants opposed the motion.

3  Campbell ECF No. 84.  On August 5, 2013, Plaintiffs filed a reply.  Campbell ECF No. 88.  On

4  August 22, 2013, the Court denied Plaintiffs' preliminary injunction request because Plaintiffs

5  failed to meet their burden of showing likelihood of success on the merits and a likelihood of future

6  irreparable harm.  Campbell ECF No. 103.

7  On August 12, 2013, Defendants moved to dismiss and/or strike the SACC.  Campbell ECF

8  No. 94.  On August 30, 2013, Plaintiffs filed an opposition to Defendants' motion.  Campbell ECF

9  No. 107.  On September 6, 2013, Defendants filed their reply.  Campbell ECF No. 109.  On

10 October 4, 2013, the Court granted in part and denied in part Defendants' motion to dismiss and/or

11 strike the SACC.  Campbell ECF No. 120.

12 **B.   Plaintiffs' Third Amended Consolidated Complaint**

13 On September 9, 2013, Campbell moved to supplement the SACC with new factual

14 allegations regarding events arising in August 2013 and add a new defendant, Tripp Gorman, who

15 was an employee of Defendant Feld Entertainment, Inc.  Campbell ECF No. 110.  On September

16 12, 2013, the Court invited the parties to meet and confer regarding Campbell's motion to

17 supplement and to attempt to reach a stipulation regarding the amendment.  Campbell ECF No.

18 114.  Pursuant to the Court's order, the parties filed a Joint Status Report on September 13, 2013.

19 Campbell ECF No. 115 ("September 13, 2013 Joint Status Report").  According to the Joint Status

20 Report, the parties agreed that Plaintiffs are permitted to add the new allegations and new

21 defendant.  *Id*.  However, the parties also agreed that, "no new causes of action will be added."  *Id*.

22 On September 19, 2013, the Court held a case management conference.  Campbell ECF No.

23 119.  At that case management conference, Plaintiffs, for the first time, proposed substituting their

24 negligent supervision claim with a negligence claim.  Decl. Todd Sorrell in Supp. Opp. ("Sorrell

25 Decl.") Campbell ECF Nos. 125-1; Decl. Matthew A. Siroka in Supp. Mot. for Leave to Amend

26 ("Siroka Decl."), Campbell ECF No. 127-1.  Accordingly, the Court ordered:

27 > No later than September 23, 2013, Plaintiffs shall provide to Defendants a copy of the proposed amended complaint with the negligence claim in lieu of the negligent supervision
28 > claim. No later than September 26, 2013, the parties shall file a joint status report

      indicating whether Defendants agree to Plaintiffs' proposed substitution of the negligence claim for the negligent supervision claim. If Defendants do not agree to the substitution, the parties shall propose a procedure for how Plaintiffs will request leave from the Court regarding the proposed amendment of the complaint.

Campbell ECF No. 119 at 1.

      On September 26, 2013, Defendants filed a status report indicating that, "no agreement on the amendment has been reached and Defendants do not stipulate to new claims being added in contravention of the agreement reflected in the Joint Status Report dated September 13, 2013." Campbell ECF No. 118. Defendants added that "the only acceptable amendments are those in accordance with the Court's not-yet-issued Order on the Motion to Dismiss and/or Strike, and those that are specifically included in the Proposed Third Amended Complaint (Document 112-1) that are not contrary to the Court's Order." *Id.*

      On September 27, 2013, Plaintiffs filed a separate status report. Ennis ECF No. 42. In their status report, Plaintiffs requested that the Court allow Plaintiffs leave to amend their SACC to add the negligence claim, in addition to any changes necessary to comply with the Court's ruling on the Motion to Dismiss and/or Strike. *Id.* at 2.

      On October 4, 2013, the Court granted in part and denied in part Defendants' motion to dismiss Plaintiffs' SACC. Campbell ECF No. 120. In particular, the Court denied as moot Defendants' motion to dismiss Plaintiffs' negligent supervision claim in light of Plaintiffs' withdrawal of this claim.[2] *Id.* at 25. The Court also allowed Plaintiffs to amend the SACC in compliance with the order and the parties' agreement as set forth in the September 13, 2013 Joint Status Report (Campbell ECF No. 115). *Id.* at 26. The Court, however, emphasized that Plaintiffs

---

[2] In the Motion for Leave to Amend, Plaintiffs state that "withdrawal of their negligent supervision claim was conditioned on the inclusion of a negligence claim and, in light of Defendants' refusal to stipulate to inclusion of the negligence claim, was not in fact withdrawn by Plaintiffs." Mot. at 4 n. 4. However, at the beginning of the September 19, 2013 case management conference, the Court gave its tentative ruling on the Defendants' motion to dismiss the SACC. Particularly, the Court stated its intent to grant Defendants' motion to dismiss Plaintiffs' negligent supervision claim with leave to amend. September 19, 2013 Case Management Conference ("Sept. 19, 2013 Tr.") at 4:2-6. Plaintiffs' counsel stated that Plaintiffs were "inclined to delete the negligent supervision claim and simply replace it, and it's—I mean [negligence is] essentially already pled." *Id.* at 47:8-10. Indeed, Plaintiffs admit that, "[i]n the course of litigating defendant's motion to dismiss the [SACC], it became clear that it would be difficult to develop sufficient facts to sustain [Plaintiffs'] negligent supervision claim." Reply at 2; Siroka Decl. ¶ 4.

shall not add any new causes of action. *Id*. Finally, acknowledging that Defendants do not agree to Plaintiffs' substitution of their negligent supervision claim with a negligence claim, the Court ordered Plaintiffs to file a motion for leave to amend the complaint to add a negligence claim. *Id*.

Pursuant to the Court's order, Plaintiffs filed a Third Amended Consolidated Complaint on October 21, 2013. Campbell ECF No. 124 ("TACC"). The TACC did not include negligent supervision nor negligence as causes of action. *See id*. Pursuant to the parties' agreement as set forth in the September 13, 2013 Joint Status Report, the TACC included one new defendant, Defendant Feld Entertainment, Inc. employee Tripp Gorman, and new factual allegations relating to conduct that allegedly occurred in August 2013. *See id*. Subsequently, Defendants moved to dismiss Plaintiffs' TACC on November 4, 2013. Campbell ECF No. 126. Plaintiffs opposed the motion on November 18, 2013. Campbell ECF No. 128. Defendants replied on November 25, 2013. Campbell ECF No. 129. The motion hearing is scheduled to be heard on March 20, 2014. Campbell ECF No. 126.

On October 17, 2013, Plaintiffs filed a Motion for Leave to Amend their SACC to substitute their negligent supervision claim with a negligence claim. Campbell ECF No. 121 ("Mot."). On October 31, 2013, Defendants opposed the motion. Campbell ECF No. 125 ("Opp."). On November 7, 2013, Plaintiffs filed a reply. Campbell ECF No. 127 ("Reply").

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a party may amend its complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Thereafter, a party may amend only by leave of the court or by written consent of the adverse party. *Id*. Rule 15(a), however, instructs that "leave shall be freely given when justice so requires." *Id*. *See also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

Leave to amend should be granted where there is no "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment [.]" *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th

1   Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962));

2   *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).

3       Ultimately, the grant or denial of an opportunity to amend is within the discretion of the district court. *Foman*, 371 U.S. at 182 ("district court may properly deny leave to amend but outright refusal to grant leave without any justifying reason is not an exercise of discretion"); *Eminence Capital*, 316 F.3d at 1051-52 (underlying purpose of Rule 15 is to "facilitate decision on the merits, rather than on the pleadings or technicalities"). The district court has particularly broad discretion to deny leave to amend where plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *accord Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996) (denying leave to amend complaint where the plaintiff conceded that the proposed amendments are similar to the existing claims already asserted in the second amended complaint).

### III. DISCUSSION

    Plaintiffs move for leave to amend their SACC and to file a Third Amended Consolidated Complaint ("TACC") that substitutes their negligent supervision claim in their SACC with a negligence claim. Campbell ECF No. 121 ("Mot."). Plaintiffs argue that leave to amend is appropriate because the Ninth Circuit favors freely granting motions for leave to amend and Defendants cannot meet their burden of showing undue delay, bad faith, prejudice or futility. Mot. at 5-9.

    As stated above, leave to amend should be granted where there is no "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment [.]" *See Leadsinger, Inc.*, 512 F.3d at 532. Although delay alone does not justify denial of leave to amend, undue delay combined with prejudice may justify denial of leave to amend. *See, e.g., Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). For the reasons stated below, the Court finds undue delay by Plaintiffs and prejudice to Defendants. As such, the Court need not reach the other leave to amend factors. Accordingly, the Court DENIES Plaintiffs' Motion for Leave to Amend.

**A.     Undue Delay in Amending Complaint to Assert Negligence Claim**

Plaintiffs contend that "there is no undue delay here because Plaintiffs' cause of action for negligence introduces no new facts to the existing complaint." Mot. at 6. Further, "[i]f there has been any delay in Plaintiffs bringing their current motion, that delay was the result of the parties' and this Court's deliberations and attempts to meet and confer around Defendants' Motion to Dismiss the Second Amended Complaint." *Id.* In opposition, Defendants argue that Plaintiffs have unduly delayed in amending their complaint to add a negligence claim. Opp. at 7-8. The Court agrees with Defendants.

Undue delay in filing an amended complaint occurs when "the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Cop. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006); *see also Acri v. International Ass'n of Machinists*, 781 F.2d 1393, 1398 (9th Cir. 1986) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."). Courts have held that an eight-month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable. *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)).

Here, Plaintiffs admit that the proposed negligence claim is not based on new facts. Mot. at 6. In fact, Plaintiffs concede that "[t]he negligence cause of action arises out of the same set of facts and transactions that gave rise to Plaintiffs' original complaint and which form the basis for this action." Mot. at 8. Plaintiffs even contend that the negligence claim is "essentially already pled" in the SACC. *See* Sept. 19, 2013 Tr. at 47:8-13. Yet despite having knowledge of the "same set of facts and transactions" at the time of Plaintiff Campbell's original Complaint in August 10, 2012, and Plaintiff Ennis's original Complaint on January 17, 2013, Plaintiffs did not seek to assert the negligence claim until the September 19, 2013 case management conference—more than one year after the filing of Plaintiff Campbell's original Complaint. Plaintiffs do not offer a reasonable explanation as to why they did not seek to assert the negligence claim sooner. Plaintiffs simply state that the substitution of the negligent supervision claim with the negligence claim simply first

7

occurred to them on September 19, 2013 "during the ride down to attend the hearing on the motion and the case management conference" where Plaintiffs' counsel "discussed the challenges facing plaintiffs in regard to the negligent supervision claim." Siroka Decl. ¶ 4. Plaintiffs state that "in the course of litigating Defendant's Motion to Dismiss the SACC, it became clear that it would be difficult to develop sufficient facts to sustain Plaintiff's negligent supervision claim." Reply at 2; Siroka Decl. ¶ 4.

Plaintiffs should have known from the time of Campbell's original Complaint that they could have asserted their negligence cause of action given that Plaintiffs knew of the relevant facts from the inception of this case. This is demonstrated by the fact that Plaintiffs themselves even concede that "Plaintiffs' negligence cause of action closely resembles Plaintiffs' [] negligent supervision cause of action." Mot. at 7.

Plaintiffs' assertion that any delay was the result of "the parties' and this Court's deliberations and attempts to meet and confer around Defendants' Motion to Dismiss the Second Amended Complaint" is unavailing. Mot. at 6. As the record shows, Plaintiffs amended their complaints multiple times. Plaintiff Campbell filed her original Complaint on August 10, 2012, Campbell ECF No. 1, and filed her FAC on December 20, 2012, Campbell ECF No. 11. On January 16, 2013, Defendants moved to dismiss Campbell's FAC and identified the deficiencies in Campbell's negligent supervision claim. Campbell ECF No. 26. On March 1, 2013, Campbell opposed the motion to dismiss. Campbell ECF No. 42. Defendants replied on March 8, 2013. Campbell ECF No. 47. At a minimum, Campbell was on notice of the deficiencies of her negligent supervision claim on January 16, 2013, yet Campbell did not seek to assert a negligence claim until September 19, 2013.

Plaintiff Ennis filed his original Complaint on January 17, 2013, Ennis ECF No. 1, and his FAC on April 16, 2013, Ennis No. 8. On May 22, 2013, Defendants moved to dismiss Ennis's FAC and identified the deficiencies in Ennis's negligent supervision claim. Ennis ECF No. 13. On June 5, 2013, Ennis opposed the motion to dismiss. Ennis ECF No. 16. Defendants replied on June 12, 2013. Ennis ECF No. 17. At a minimum, Ennis was on notice of the deficiencies of his

8
Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
ORDER DENYING MOTION FOR LEAVE TO AMEND

1    negligent supervision claim on May 22, 2013, yet Ennis did not seek to assert a negligence claim

2    until September 19, 2013.

3        After consolidation, Plaintiff Campbell and Plaintiff Ennis filed their SACC on July 9,

4    2013.  Subsequently, Defendants moved to dismiss the SACC on August 12, 2013 (Campbell ECF

5    No. 94).  Further, as Plaintiffs' counsel admit, the idea of asserting the negligence claim did not

6    occur to them until September 19, 2013, almost a week after their September 13, 2013 meet and

7    confer and Joint Status Report in which Plaintiffs agreed not to add new causes of action in

8    exchange for adding a new defendant and new allegations to Plaintiffs' SACC.  *See* Siroka Decl. ¶¶

9    3-5.  Contrary to Plaintiffs' assertion that any delay was the result of "the parties' and this Court's

10   deliberations and attempts to meet and confer around Defendants' Motion to Dismiss the Second

11   Amended Complaint," Mot. at 6, such delay was entirely Plaintiffs' own doing.

12       Accordingly, the Court finds that Plaintiffs unduly delayed in seeking to amend their

13   complaint to assert a negligence cause of action.

14       **B.    Prejudice to Defendants**

15       Plaintiffs argue that no prejudice will result from allowing Plaintiffs to substitute the

16   negligent supervision claim with the negligence claim because Plaintiffs have already alleged that

17   Defendant Feld was under a duty of care to Plaintiffs and breached that duty of care by the various

18   actions set forth in the SACC.  Mot. at 9.  Defendants, however, contend that they will be

19   prejudiced by further amendment because Defendants relied on Plaintiffs' agreement not to add

20   new causes of action to the SACC.  Opp. at 8.  In particular, Defendants agreed to allow Plaintiffs

21   to amend their complaint to assert factual allegations relating to the alleged incidents in August

22   2013 and to add a new defendant, Defendant Feld Entertainment, Inc.'s employee, in exchange for

23   Plaintiffs' written agreement that "no new causes of action will be added."  *Id.*  Defendants also

24   point out that Plaintiffs have had multiple opportunities to amend their complaints.  For the reasons

25   set forth below, the Court finds that Defendants will be prejudiced by Plaintiffs' further

26   amendment.

27       An amendment's potential prejudice to the opposing party "carries the greatest weight"

28   among the factors in deciding to grant leave to amend.  *Eminence Capital*, 316 F.3d at 1079.

Courts have found prejudice when there were many efforts to amend the complaint. *See Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980). The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)); *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980).

As an initial matter, Plaintiffs have had numerous opportunities to plead negligence. Plaintiffs contend that they "have amended their complaint once in the present case, when they filed their Second Consolidated Amended Complaint on July 9, 2013." Mot. at 5. However, Plaintiffs' assertion is belied by the record in this case. Prior to Plaintiffs' instant motion, Plaintiffs have filed *five* complaints. The Court notes that after Plaintiffs' instant motion, Plaintiffs filed their sixth complaint on October 21, 2013. Campbell ECF No. 124. Plaintiff Campbell filed her original Complaint on August 10, 2012, Campbell ECF No. 1, and filed her FAC on December 20, 2012, Campbell ECF No. 11. Meanwhile, Plaintiff Ennis filed his original Complaint on January 17, 2013, Ennis ECF No. 1, and his FAC on April 16, 2013, Ennis No. 8. After consolidation, Plaintiff Campbell and Plaintiff Ennis filed their SACC on July 9, 2013. Campbell ECF No. 73. Notably, none of Plaintiffs' five complaints alleged negligence, despite Plaintiffs' admission that "[t]he negligence cause of action arises out of the same set of facts and transactions that gave rise to Plaintiffs' original complaint and which form the basis for this action." Mot. at 8. As stated above, Plaintiffs have failed to provide a reasonable explanation as to why they did not allege the negligence claim earlier. Plaintiff Campbell at least had knowledge of the same set of facts since the inception of her case in August 10, 2012, and Plaintiff Ennis also had knowledge of the same set of facts since the inception of his case in January 17, 2013. Yet Plaintiffs did not raise this issue until the September 19, 2013 Case Management Conference. Thus, more than a year after Plaintiff Campbell's original Complaint and more than eight months after Plaintiff Ennis's original Complaint, both Plaintiffs knew of the same set of facts yet failed to plead negligence despite numerous opportunities to do so.

Defendants have moved to dismiss Plaintiffs' complaints four times: (1) Defendant Feld Entertainment, Inc. moved to dismiss Campbell's FAC on January 16, 2013, Campbell ECF No.

1    26; (2) Defendants moved to dismiss Ennis's FAC on May 22, 2013, Ennis ECF No. 17; (3)
2    Defendants moved to dismiss Plaintiffs' SACC on August 12, 2013, Campbell ECF No. 94; and (4)
3    Defendants moved to dismiss Plaintiffs' TACC on November 4, 2013, Campbell ECF No. 126.
4    Defendants have also opposed Plaintiffs' motion for preliminary injunction on July 29, 2013.
5    Campbell ECF No. 84.  Presumably, if the Court were to allow Plaintiffs to amend the complaint
6    again, Defendants will again need to evaluate whether to respond by filing a motion or a responsive
7    pleading.  However, Defendants should not be required to respond to a continually moving target,
8    and at some point, the litigation must move forward.  *See Franczak v. Suntrust Mortg., Inc.*, Case
9    No. 5:12-cv-01453 EJD, 2013 U.S. Dist. LEXIS 126977, *11-12 (N.D. Cal. Sept. 5, 2013)
10   (concluding that allowing further amendments after Plaintiff has already amended his pleading
11   twice would cause undue delay and would, ultimately, unduly prejudice defendant); *see also*
12   *O'Banion v. Select Portfolio Servs., Inc.*, Case No. 1:09-cv-00249-EJL-CWD, 2011 U.S. Dist.
13   LEXIS 133116, at *18 (D. Idaho Nov. 16, 2011) (finding filing of second amended complaint
14   prejudicial given the "numerous indulgences the Court has allowed Plaintiffs in filing, amending
15   and pursuing their claims."). This action began in August 2012—approximately a year and a half
16   ago—and it is time to settle the pleadings.

17   The Court notes that, in denying Plaintiffs' motion for preliminary injunction, the Court
18   held that Plaintiffs failed to meet their burden of showing likelihood of success on the merits.
19   Campbell ECF No. 103.  Plaintiffs concede "that it would be difficult to develop sufficient facts to
20   sustain Plaintiffs' negligent supervision claim."  *See* Reply at 2.  As a result, Plaintiffs' withdrew
21   their negligent supervision claim at the September 19, 2013 case management conference.  Sept.
22   19, 2013 Tr. at 47:8-9.  Accordingly, it is unfair for Plaintiffs to now assert negligence in place of a
23   withdrawn and unsustainable negligent supervision claim.

24   Finally, the Court is cognizant of the parties' agreement that "no new causes of action will
25   be added" to the SACC.  September 13, 2013 Joint Status Report at 3.  Plaintiff Campbell had filed
26   a motion to supplement her complaint to include one new defendant and new allegations relating to
27   the alleged conduct of this individual in August 2013.  Campbell ECF No. 110.  After extensive
28   negotiations, Defendants agreed to allow Plaintiffs to add a new defendant, Defendant Feld

1  Entertainment, Inc.'s employee, and new factual allegations with the condition that "[n]o new
2  causes of action will be added." September 13, 2013 Joint Status Report at 3.  Now, Plaintiffs seek
3  leave to amend their SACC to add a new cause of action: negligence.  Plaintiffs contend that
4  "[Plaintiff Ennis's counsel] expressly stated that he did not intend to be bound by any agreement
5  not to seek further amendment to the complaint outside of the scope of the parties' stipulation."
6  Reply at 3.  However, the agreement contradicts Plaintiffs' contention.  *See* September 13, 2013
7  Joint Status Report at 3 (stating "no new causes of action will be added.").  Defendants, therefore,
8  reasonably relied on the language of the agreement and in exchange, allowed Plaintiffs to include
9  the new factual allegations regarding events arising in August 2013 and one new defendant,
10 Defendant Feld Entertainment, Inc.'s employee.  *See* TACC at 14.

   Accordingly, at this stage, the Court finds that allowing Plaintiffs to amend their complaint
   will unduly prejudice Defendants.

### IV.  CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' Motion for Leave to Amend to substitute their negligent supervision claim with the negligence claim.

**IT IS SO ORDERED.**

Dated: February 14, 2014

_____
LUCY H. KOH
United States District Judge