1
2
3
4
5
6
7

<div style="text-align:center">

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

</div>

| | | |
|---|---|---|
| SHANNON CAMPBELL, | ) | Case Nos.:  12-CV-04233-LHK |
| | ) | 13-CV-00233-LHK |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | ORDER GRANTING MOTION TO |
| FELD ENTERTAINMENT, INC., et al., | ) | DISMISS AND STRIKE |
| | ) | |
| Defendants. | ) | |
| ──────────────────────── | ) | |
| | ) | |
| MARK ENNIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| FELD ENTERTAINMENT, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| ──────────────────────── | ) | |

Defendants Feld Entertainment, Inc., Mike Stuart, and David Bailey (collectively, "Defendants") move to dismiss Plaintiffs Shannon Campbell's ("Campbell") and Mark Ennis's ("Ennis") (collectively, "Plaintiffs") third cause of action, which alleges a violation of Article I, Section 2 of the California Constitution, in the Third Amended Consolidated Complaint ("TACC") pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) for lack of standing and 12(b)(6) for

<div style="text-align:center">1</div>

<div style="writing-mode: vertical-lr; text-align:center">

**United States District Court**
For the Northern District of California

</div>

1    failure to state a claim.  Campbell ECF No. 126 ("Motion").[1]  Defendants also move to strike

2    previously dismissed Defendants from the TACC pursuant to Rule 12(f).  *Id.*  The Court held a

3    hearing on this motion on March 20, 2014.  ECF No. 153.  Having considered the parties' arguments,

4    the relevant law, and the record in this case, the Court hereby GRANTS Defendants' Motion.

5    **I.       BACKGROUND**

6           **A.       Factual Allegations[2]**

7           Plaintiffs are animal rights advocates and are members of Humanity Through Education

8    ("HTE"), a San Francisco Bay Area animal rights activism group dedicated to the humane treatment

9    of animals and educating the public about the abuse and mistreatment of animals in circuses.

10   Campbell ECF No. 124 (TACC), ¶¶ 5, 6, and 17.  Plaintiffs hold signs and banners and offer

11   informational leaflets to the public about the condition and treatment of animals kept by circuses.

12   TACC ¶ 17.  Defendant Feld Entertainment, Inc. owns, produces, and is doing business as Ringling

13   Bros. and Barnum & Bailey Circus ("Circus").  TACC ¶ 7.

14          Plaintiffs videotape the treatment of the animals with the purpose of educating the public

15   about the treatment of animals by circuses.  TACC ¶ 17.  Campbell has been leafleting patrons of

16   circuses for six years and videotaping the circuses' treatment of animals for five years.  TACC ¶ 21.

17   Ennis has been leafleting patrons of circuses and videotaping the circuses' treatment of animals for

18   approximately fourteen years.  TACC ¶ 22.  Along with other HTE members, Plaintiffs have

19   videotaped the treatment of animals by Circus in numerous California cities.  TACC ¶ 23.

20          Circus performs annually in the San Francisco Bay Area every August and September.

21   TACC ¶ 25.  Two or three days before the first performance, Circus employees bring the animals via

22   railroad to the city in which they are performing and then unload the animals from the train and walk

23   the animals down the public streets to the arenas where they perform (the "animal walk").  TACC

24

25   ---

[1] Docket entries in *Campbell v. Feld Entertainment, Inc. et al.*, Case No. 5:12-CV-04233-LHK will
be cited as "Campbell ECF".  Docket entries in *Ennis v. Feld Entertainment, Inc. et al.*, Case No.
26   5:13-CV-00233-LHK, will be cited as "Ennis ECF".
[2] The Court draws the following facts from Plaintiffs' Third Amended Consolidated Complaint, ECF
27   No. 124 ("TACC"), which the Court accepts as true for the purposes of ruling on  Defendants'
Motion to Dismiss.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir.
28   2008).

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
ORDER GRANTING MOTION TO DISMISS AND STRIKE

*United States District Court*
For the Northern District of California

United States District Court
For the Northern District of California

1    ¶ 26.  After the last scheduled performance at the arena, Circus employees walk the animals back to

2    the train.  *Id*.  In between performances, the animals are kept in a compound that often is set up in the

3    parking lot of the arena in which the circus is appearing.  TACC ¶ 27.  Plaintiffs and other members

4    of HTE offer informational leaflets to patrons of every Circus performance in the Bay Area.  TACC

5    ¶ 28.  Plaintiffs and other members of HTE also videotape the treatment and living conditions of

6    animals used by Circus before, during, and after the performances. TACC ¶ 28.

7         Plaintiffs allege that Circus has a "policy and practice . . . to intentionally interfere with

8    Plaintiffs' free speech rights for the purpose of chilling [P]laintiffs in the exercise of their

9    constitutionally protected rights."  TACC ¶ 31.  Plaintiffs claim that Defendants were motivated by

10   Plaintiffs' political beliefs and the intent to prevent Plaintiffs from exercising their speech rights.

11   TACC ¶¶ 86, 87.

12        Plaintiffs assert that for the past several years, Circus employees have harassed Plaintiffs and

13   interfered with Plaintiffs' ability to videotape the animals.  TACC ¶ 29.  Circus's employees engage

14   in physical assaults and attempts to block Plaintiffs' cameras while Plaintiffs attempt to videotape the

15   animals.  TACC ¶ 30.  Circus's employees' conduct takes three general forms: (1) shining laser

16   pointers and strobe lights into Campbell's eyes and camera lens; (2) physical and verbal assaults on

17   Plaintiffs while Plaintiffs are videotaping; and (3) using a rope during the animal walks to harass

18   Plaintiffs and interfere with Plaintiffs' videotaping.  TACC ¶¶ 32, 33, 34.

19        Plaintiffs allege that "Defendants' interference and attempted interference through threats,

20   harassment, intimidation, and coercion of Plaintiffs while videotaping [Circus's] treatment of the

21   animals in a public forum, deprived Plaintiffs of the clearly established and well-settled

22   Constitutional right protected by Article I, Section 2(a) of the California Constitution, and

23   Defendants are therefore liable to Plaintiffs for the violation of said right."  TACC ¶ 109.  Plaintiffs

24   further allege:

25        Defendants stepped into the role of the state when they worked jointly and
          conspired with police to exceed rules established by local municipalities regarding
26        permit requirements, and by taking over and blocking the public's and Plaintiffs'
          ingress and egress from multiple public streets, sidewalks and other public fora.
27        Defendants did not seek to exclude the public from these traditional public fora;
          indeed they invited the public to observe the animal walks – but only under

28

                                              3

United States District Court
For the Northern District of California

conditions set by Defendants.  By exercising dominion and control over public streets and sidewalks - which are traditional public fora – and inviting the public to observe, Defendants became state actors.  Defendants exercised or attempted to exercise complete control over public thoroughfares in which plaintiffs sought to exercise their free speech rights, and thereby assumed liability for their efforts to suppress Plaintiff[s'] constitutionally protected rights.

TACC ¶ 110.  As a "direct and proximate result of Defendants' violation of California Liberty of Speech and Press Clause, Article 1, Section 2(a), California Constitution, Plaintiff[s] sustained injuries and damages[.]"  TACC ¶ 111.

### B.    Procedural History

On August 10, 2012, Campbell filed her original Complaint asserting four causes of action, including violation of Article 1, Section 2 of the California Constitution.  Campbell ECF No. 1.  On December 20, 2012, Campbell filed her First Amended Complaint ("FAC") prior to any defendant filing a response to Campbell's original Complaint.  Campbell ECF No. 11.  Campbell's FAC also asserted a cause of action for violation of Article 1, Section 2 of the California Constitution.  *See id.* On January 16, 2013, Defendant Feld Entertainment, Inc. ("Feld") moved to dismiss Plaintiff's FAC. Campbell ECF No. 26.  Feld's motion argued that Plaintiffs' Article I, Section 2 claim should be dismissed for failure to state a claim.  *Id.*  Campbell filed an opposition.  Campbell ECF No. 42. Feld filed a reply.  Campbell ECF No. 47.  Feld's motion to dismiss was subsequently mooted by Plaintiffs' Second Amended Consolidated Complaint ("SAC").  Campbell ECF Nos. 70 and 71.

On January 17, 2013, Ennis filed his original Complaint asserting six causes of action, including a cause of action for violation of Article 1, Section 2 of the California Constitution.  Ennis ECF No. 1.  On April 16, 2013, Ennis filed his First Amended Complaint.  Ennis ECF No. 8. Ennis's FAC asserted the same six causes of action in his original Complaint, including a cause of action for violation of Article 1, Section 2 of the California Constitution.  *See id.*  On May 22, 2013, Defendants moved to dismiss Ennis's FAC.  Ennis ECF No. 13.  Defendants argued that, among others, Plaintiffs' cause of action for violation of California Constitution's Article I, Section 2 fails as a matter of law because Plaintiffs may not seek monetary damages for Defendants' purported violation of the rights afforded by the California Constitution, Article I, Section 2.  Ennis filed an

4

1   opposition.  Ennis ECF No. 16.  Defendants filed a reply.  Ennis ECF No. 17.  Defendants' motion to

2   dismiss was subsequently mooted by Plaintiffs' SACC.  ECF Nos. 21 and 22.

3         On July 9, 2013, Plaintiffs filed the SACC.  Campbell ECF No. 73.  As in Plaintiffs' earlier

4   complaints, Plaintiffs' SACC includes a cause of action for a violation of Article 1, Section 2 of the

5   California Constitution.  On August 12, 2013, Defendants moved to dismiss and/or strike the SACC.

6   Campbell ECF No. 94.  In particular, Defendants argued that Plaintiffs' claim for violation of Article

7   1, Section 2 of the California Constitution fails as a matter of law because: (1) Plaintiffs fail to allege

8   state action; and (2) Article I, Section 2 does not give rise to a private right of action for money

9   damages.  *See id*.  On August 30, 2013, Plaintiffs filed an opposition to Defendants' motion.

10  Campbell ECF No. 107.   On September 6, 2013, Defendants filed their reply.  Campbell ECF No.

11  109.

12        On October 4, 2013, the Court granted in part and denied in part Defendants' Motion to

13  Dismiss and/or Strike Plaintiffs' SACC.  Campbell ECF No. 120 ("First MTD Order").  With respect

14  to Article I, Section 2, the Court concluded that:

15          Article I, Section 2 includes a state actor limitation such that Article I, Section 2
            protects only against the interference by state actors of citizens' exercise of speech
16          rights in a public forum.  In certain limited situations in which a private actor opens
            his land to the public such that the land becomes a public forum, a private actor may
17          satisfy the state actor limitation.  Absent this limited exception, California law does
            not support holding a private actor liable under Article I, Section 2 for interference
18          with another private actor's exercise of speech rights in a public forum.

19
20  First MTD Order at 13.  The Court determined that Plaintiffs' factual allegations did not satisfy the

21  state actor limitation and thus dismissed Plaintiffs' Article I, Section 2 claim.  First MTD Order at

22  15.  The Court, however, recognized that Plaintiffs "may cure the deficiency."  *Id*.  Thus, "in an

23  abundance of caution," the Court granted Plaintiffs leave to amend.  *Id*.

24        On October 17, 2013, Plaintiffs filed a Motion for Leave to Amend their SACC to substitute

25  their negligent supervision claim with a negligence claim.  Campbell ECF No. 121.  The Court

26  denied the Motion for Leave to Amend on February 14, 2014, because the Court found undue delay

27  by Plaintiffs and prejudice to Defendants.  Campbell ECF No. 142.

28

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
ORDER GRANTING MOTION TO DISMISS AND STRIKE

United States District Court
For the Northern District of California

1    On October 21, 2013, Plaintiffs filed a Third Amended Consolidated Complaint ("TACC").

2   Campbell ECF No. 124.  As in the previous complaints, Plaintiffs asserted an Article I, Section 2

3   claim in their TACC.  *See* TACC.  On November 4, 2013, Defendants moved to dismiss and/or strike

4   Plaintiffs' TACC.  Campbell ECF No. 128.  On November 18, 2013, Plaintiffs opposed.  Campbell

5   ECF No. 128.  Defendants replied on November 25, 2013.  Campbell ECF No. 129.

6   **II.     LEGAL STANDARDS**

7      **A.     Rule 12(b)(1)**

8        A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to

9   Federal Rule of Civil Procedure 12(b)(1).  A motion to dismiss for lack of subject matter jurisdiction

10  will be granted if the complaint on its face fails to allege facts sufficient to establish subject matter

11  jurisdiction.  *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  In

12  considering a Rule 12(b)(1) motion, the Court "is not restricted to the face of the pleadings, but may

13  review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the

14  existence of jurisdiction."  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).  At the

15  motion to dismiss stage, the plaintiff bears the burden of establishing the court's jurisdiction through

16  allegations of "specific facts plausibly explaining" why the standing requirements are met.  *Barnum*

17  *Timber Co. v. U.S. Envtl. Prot. Agency*, 633 F.3d 894, 899 (9th Cir. 2011).  If the plaintiff lacks

18  standing under Article III of the U.S. Constitution, then the court lacks subject matter jurisdiction,

19  and the case must be dismissed.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02

20  (1998).

21     **B.     Rule 12(b)(6)**

22       Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short

23  and plain statement of the claim showing that the pleader is entitled to relief."  A complaint that fails

24  to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  The

25  Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to

26  relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim

27  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

28  reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556

**United States District Court**
For the Northern District of California

6

1    U.S. 662, 678 (2009).  "The plausibility standard is not akin to a probability requirement, but it asks

2    for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (internal quotation

3    marks omitted).  For purposes of ruling on a Rule 12(b)(6) motion, a court "accept[s] factual

4    allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the

5    nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir.

6    2008).

7        However, a court need not accept as true allegations contradicted by judicially noticeable

8    facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and the "[C]ourt may look beyond

9    the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion

10   into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).  Nor is the

11   court required to "'assume the truth of legal conclusions merely because they are cast in the form of

12   factual allegations.'"  *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting

13   *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).  Mere "conclusory allegations of law

14   and unwarranted inferences are insufficient to defeat a motion to dismiss."  *Adams v. Johnson*, 355

15   F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678.  Furthermore, "a plaintiff may plead

16   herself out of court" if she "plead[s] facts which establish that [s]he cannot prevail on h[er] . . .

17   claim."  *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (internal quotation marks

18   omitted).

19       **C.      Rule 12(f)**

20       Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an

21   insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  *See* Fed. R.

22   Civ. P. 12(f).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and

23   money that must arise from litigating spurious issues by dispensing with those issues prior to trial."

24   *Sidney–Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir.1983).  Motions to strike are

25   generally disfavored and "should not be granted unless the matter to be stricken clearly could have

26   no possible bearing on the subject of the litigation . . . If there is any doubt whether the portion to be

27   stricken might bear on an issue in the litigation, the court should deny the motion." *Platte Anchor*

28   *Bolt, Inc. v. IHI, Inc.,* 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (internal citations omitted).

7

1   "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the

2   light most favorable to the nonmoving party." *Id.* "Ultimately, whether to grant a motion to strike

3   lies within the sound discretion of the district court." *Cruz v. Bank of New York Mellon,* No. 12–

4   00846, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing *Whittlestone, Inc. v. Handi–Craft*

5   *Co.,* 618 F.3d 970, 973 (9th Cir. 2010)).

6          **D.     Leave to Amend**

7          If the Court determines that the complaint should be dismissed, it must then decide whether to

8   grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend

9   "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of

10  Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities."

11  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

12  Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad

13  faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments

14  previously allowed, undue prejudice to the opposing party. . . , [and] futility of amendment.'"

15  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (alterations in original)

16  (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

17  **III.    DISCUSSION**

18         In Defendants' Motion, Defendants seek to dismiss only Plaintiffs' third cause of action in

19  the TACC, which alleges a violation of Article I, Section 2 of the California Constitution, pursuant to

20  Rules 12(b)(1)[3] and (6).  *See* Mot. at 4-12.  In the alternative, Defendants move to strike previously

21  dismissed defendants from the TACC pursuant to Rule 12(f).  Mot. at 12-13.  The Court discusses

22  each in turn.

23         **A.      Motion to Dismiss**

24

25

26  _____

    [3] Defendants appear to cite to Rule 12(b)(1) as a basis for dismissal by stating in the Legal Standard

27  section that, "[a] motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) is proper where a
    plaintiff lacks the requisite Article III standing to pursue the relief requested."  Mot. at 4.  However,

28  Defendants do not explain how Plaintiffs lack the requisite Article III standing anywhere in the
    Motion.

    8

Defendants argue that Plaintiffs' Article I, Section 2 claim fails as a matter of law because: (1) the Court has already determined that Article I, Section 2 only protects against state action, Mot. at 5-6; (2) Plaintiffs fail to allege state action under California law and federal law, Mot. at 6-10; and (3) Article I, Section 2 does not give rise to a private right of action for money damages, Mot. at 10-12. In response, Plaintiffs contend that the Court should not dismiss Plaintiffs' Article I, Section 2 claim because: (1) Defendant Feld is a state actor under California law, Opp'n at 1-3; (2) federal law supports finding that Defendant Feld was a state actor, Opp'n at 3-4; and (3) a constitutional tort is appropriate in this case because Defendant Feld is "using its power and authority to interfere with Plaintiff[s'] constitutional rights," Opp'n at 5-6. For the reasons stated below, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' Article I, Section 2 claim.

### 1.    Allegations of State Action in the TACC

The Court previously held that "Article I, Section 2 includes a state actor limitation such that Article I, Section 2 protects only against the interference by state actors of citizens' exercise of speech rights in a public forum." First MTD Order at 13. "In certain limited situations in which a private actor opens his land to the public such that the land becomes a public forum, a private actor may satisfy the state actor limitation." *Id*.

Specifically, regarding state action, Defendants contend that Plaintiffs' allegations in the TACC: (1) are "mere labels and conclusions, and a formulaic recitation of the elements of a cause of action," and are therefore "insufficient to sustain a cause of action" under *Twombly* and *Iqbal*; (2) do not meet the standard for proving state action required under California law; and (3) fail to properly allege state action under any recognized federal doctrine. Mot. at 6. For the reasons stated below, the Court agrees with Defendants. Plaintiffs' TACC fails to sufficiently allege that Defendants are state actors under Article I, Section 2.

First, Plaintiffs' new allegations in the TACC do not meet the level of specificity required by *Twombly* and *Iqbal*. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

9

United States District Court
For the Northern District of California

1   of action will not do . . ." *Twombly*, 550 U.S. at 555.  Further, a complaint does not "suffice if it

2   tenders naked assertions devoid of further factual enhancement."  *Iqbal*, 556 U.S. at 677.

3        Here, Plaintiffs' allegations with respect to state action are nothing more than "labels and

4   conclusions," and "naked assertions devoid of further factual enhancement." With respect to state

5   action, Plaintiffs allege that "Defendants stepped into the role of the state when they worked jointly

6   and conspired with police to exceed rules established by local municipalities regarding permit

7   requirements, and by taking over and blocking the public's and Plaintiffs' ingress and egress from

8   multiple public streets, sidewalks and other public fora." TACC ¶ 110.  Plaintiffs further allege that,

9   "[b]y exercising dominion and control over public streets and sidewalks - which are traditional

10   public fora – and inviting the public to observe, Defendants became state actors."  *Id.*

11        Based on the above allegations, Plaintiffs appear to allege that Defendants formed a

12   conspiracy with local police to control the public streets and sidewalks.  Thus, Defendants are state

13   actors.  However, Plaintiffs do not allege facts that would make the existence of a conspiracy

14   between Defendants and the local police plausible.  Plaintiffs also do not allege additional facts to

15   show how Defendants exercised dominion and control over the streets and sidewalks.  Indeed,

16   Plaintiffs' allegations are merely consistent with any permit, where an organization pays a fee and

17   obtains permission to use a public space for a particular event.  Plaintiffs do not show how or why

18   the conspiracy was formed and what acts Defendants and police officers in various cities committed

19   in furtherance of the conspiracy.  Notably, Plaintiffs' Opposition fails to address the lack of

20   specificity of Plaintiffs' allegations.  *See generally* Opp'n.  Thus, such allegations by Plaintiffs in the

21   TACC do not meet the level of specificity required by *Twombly* and *Iqbal*.

22        Second, under California law, Plaintiffs' new allegations in the TACC are insufficient to

23   establish state action under Article I, Section 2.  Plaintiffs' TACC essentially alleges that Defendants

24   are state actors because Defendants assumed control over public streets and sidewalks, which are

25   "traditional public fora," and conspired with local police.  Plaintiffs argue that, "a private party who

26   assumes control over property that already was a public forum (i.e., a street or sidewalk), is also a

27   state actor under California law."  Opp'n at 3.  However, Plaintiffs do not cite to any authority in

28   their Opposition to support their argument that control of public streets and sidewalks by a private

10

United States District Court
For the Northern District of California

1  party in connection with an event, with a permit, such as an animal walk is sufficient to deem that

2  private party a state actor under Article I, Section 2.  Indeed, at the March 20, 2014 hearing,

3  Plaintiffs conceded that they cannot cite to any authority.  Tr. at 4:24-5:11 ("Court: What can I look

4  to as authority that control of public property by a private entity and some type of conspiracy with a

5  state actor, such as the police, that that would convert that private actor into a state actor? [Plaintiffs'

6  counsel]: I can't cite you to a specific case.").  Plaintiffs also cannot cite to any case that holds that

7  private parties parading on public streets are state actors.  *See* Tr. 11:5-17.

8        Plaintiffs nonetheless argue in their Opposition that the TACC "plead[s] facts establishing

9  state action as articulated in the lead plurality opinion in *Golden Gateway v. Golden Gateway*

10  *Tenants Assn.*, 26 Cal. 4th 1013 (2001)."  Opp'n at 1.  However, Plaintiffs' Opposition does not

11  elaborate on how *Golden Gateway* supports a finding of state action in the instant case.  Plaintiffs'

12  Opposition instead seizes on the following sentence of the Court's First MTD Order: "Plaintiffs do

13  not allege that Defendants own or have control of any of the property on which Plaintiffs exercised

14  Plaintiffs' speech rights."  *See* Opp'n at 2 (quoting First MTD Order at 13).  Plaintiffs thus argue that

15  "control of property" was an element that the Court "signaled" that Plaintiffs could address in

16  establishing state action. [4]  Opp'n at 2.  However, the Court's First MTD Order specifically held that:

> In certain limited situations in which a private actor opens his land to the public
> such that the land becomes a public forum, a private actor may satisfy the state actor
> limitation.  Absent this limited exception, California law does not support holding a
> private actor liable under Article I, Section 2 for interference with another private
> actor's exercise of speech rights in a public forum.

20  First MTD Order at 13.  The Court also held that "[i]n cases where a private property owner opens

21  his property to the public such that the property becomes a public forum, the private property owner

22  essentially steps into the shoes of the state and in so doing is subject to the same restrictions as the

23  state."  *Id.* at 14.  Thus, the Court's First MTD Order does not support Plaintiffs' "control" theory.

24  Moreover, as set forth above, Plaintiffs cannot point to any case, and the Court has not found any,

25  where a private party's control of public property converted that private party into a state actor under

26  Article I, Section 2.  Furthermore, the plurality opinion in *Golden Gateway* only held that "the

27  ───────────────

28  [4] To avoid any further confusion, the Court issued an amended First MTD Order eliminating the
reference to control of property.  Campbell ECF No. 154, Ennis ECF No. 66.

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
ORDER GRANTING MOTION TO DISMISS AND STRIKE

United States District Court
For the Northern District of California

1     actions of a private property owner constitute state action for purposes of [Article I, Section 2] only

2     if the property is freely and openly accessible to the public."  26 Cal.4th at 1033.  Nowhere in the

3     plurality opinion of *Golden Gateway* did the California Supreme Court hold, or even suggest, that a

4     private party can be a state actor when it "controls" public property in connection with a permit.

5     Therefore, Plaintiffs' TACC does not plead facts establishing state action as articulated in the

6     plurality opinion in *Golden Gateway*.

7             Plaintiffs contend that, although they cannot point to a specific case to support their assertion,

8     California Supreme Court cases support Plaintiffs' position that Defendants are state actors.  Tr. at

9     5:11-15.  However, the Court previously found in the First MTD Order that the relevant California

10    Supreme Court case law "all dealt with restrictions private property owners placed on people

11    exercising speech rights on the private property."  First MTD Order at 12.  The Court also noted that

12    "[n]othing in those decisions suggests a broader application of Article I, Section 2 to other private

13    actors."  *Id*.  Moreover, the Court's First MTD Order did not find any cases "in which the California

14    Supreme Court has explicitly extended the protection of Article I, Section 2 to interference by private

15    individuals outside of the context of a private actor's ownership of property that has been opened to

16    the public such that the private property in essence becomes a public forum."  *Id*.  Thus, contrary to

17    Plaintiffs' assertion, California Supreme Court cases do not support Plaintiffs' position that

18    Defendants are state actors.

19            Finally, at the March 20, 2014 hearing, the parties stated that the federal tests for determining

20    whether a private individual's actions amount to state action under the U.S. Constitution—public

21    function test,[5] joint action test, state compulsion test, and governmental-nexus test—need not be

22

23    [5] At the hearing, Plaintiffs appear to argue that Defendants' actions meet the public function test.
      Plaintiffs cite to two cases to support their argument: (1) *Marsh v. Alabama*, 326 U.S. 501 (1946),
24    and (2) *Watch Tower Bible & Tract Society of New York, Inc. v. de Jesus, et al.*, 634 F.3d 3 (1st Cir.
      2011).  Tr. at 14-16 (stating that *Marsh* is "the leading case establishing that control and management
25    of public streets are unlike festivals and exclusive government function" and *Watch Tower* is a case
      "in which the court found that the regulation of access to and controlling behavior on public streets is
26    a classic government public function.").  However, Plaintiffs argue that the federal tests do not apply
      in the instant case.  Tr. at 17:11-25.  The Court agrees that it is not required to apply the federal tests
27    under Article I, Section 2.  Accordingly, the Court need not address Plaintiffs' argument that
      Defendants' actions meet the public function test.
28

United States District Court
For the Northern District of California

applied to the Article I, Section 2 claim.  Plaintiffs stated that the federal tests do not apply because "the federal tests were for the purpose of determining whether or not there's a First Amendment or other federal constitutional violation, and therefore whether there are state actions." Tr. at 17:11-25. Defendants also state that they have not seen a case where the federal tests were applied to an Article I, Section 2 claim.  Tr. at 26:1-7.  Indeed, the Court has not found any case that applied any of the federal tests in determining whether a private party can be found a state actor under Article I, Section 2.  Accordingly, the Court need not address the federal tests in determining whether Defendants' actions constituted state action under Article I, Section 2.[6]

Based on the above, Defendants are not state actors under Article I, Section 2 of the California Constitution.[7]  Accordingly, the Court dismisses Plaintiffs' Article I, Section 2 claim.

**B.      Leave to Amend**

The Court dismisses Plaintiffs' Article I, Section 2 claim without leave to amend because amendment would be futile for the reasons stated below.  *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (a district court may deny leave to amend due to "repeated failure to cure deficiencies by amendments previously allowed" and "futility of amendment"); *Swartz v.*

---

[6] Defendants cite to *Villegas v. Gilroy Garlic Festival Association*, 541 F.3d 950 (9th Circuit 2008), as persuasive authority that "[o]btaining a permit to do something on a public property does not automatically turn the permit holder into a state actor."  Reply at 3.  In *Villegas*, the Ninth Circuit decided the issue of whether guests at the Gilroy Garlic Festival ("Festival") can hold the City of Gilroy in California and the Gilroy Garlic Festival Association ("GGFA") liable under 42 U.S.C. § 1983.  541 F.3d at 952.  GGFA is a private non-profit corporation that sponsors and runs the Festival.  *Id.* at 953.  GGFA had an informal dress code that required persons wearing clothing with gang colors or insignia to remove such clothing in order to remain at the Festival.  *Id.* at 953-54. After a police officer enforced the dress code, the plaintiffs sued GGFA under Section 1983.  *Id.*  In applying the public function test, the Ninth Circuit concluded that the GGFA is not a state actor for purposes of Section 1983 liability.  *Id.* at 956.  First, the Ninth Circuit reasoned that running festivals is not a traditional municipal function.  *Id.*  Second, the City of Gilroy required a permit, showing that the City retained control of the park and provided security services.  *Id.*  Finally, there is no indication in the record that the City plays a dominant role in controlling the actions of the organization or the content of the festival.  *Id.*  The Court notes that *Villegas* addressed state action under Section 1983 and applied the public function test, a federal test, in determining whether GGFA, a private party, is a state actor.  Because the instant case involves Article I, Section 2 (not 42 U.S.C. § 1983) and the Court is not required to apply the federal tests to an Article I, Section 2 claim, *Villegas* is distinguishable.
[7] Because Plaintiffs have failed to state a claim under Article I, Section 2, the Court need not reach the issue of whether Plaintiffs may assert a tort cause of action under Article I, Section 2.

13

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
ORDER GRANTING MOTION TO DISMISS AND STRIKE

1    *KPMG LLP*, 476 F.3d 756, 761 (9th Cir. 2007) (futility alone can justify the denial of leave to

2    amend).

3           Thus far, Plaintiffs have filed *six* complaints.  In addition, Plaintiffs have been on notice of

4    the state action deficiency of their Article I, Section 2 claim from Defendants' August 12, 2013

5    motion to dismiss and the Court's October 4, 2013 First MTD Order.[8]  The Court concludes that if

6    Plaintiffs had a legitimate basis to set forth a plausible Article I, Section 2 claim, Plaintiffs would

7    already have articulated it in a meaningful way in one of their many complaints.  This is especially

8    true given that the Court's First MTD Order set forth precisely what deficiencies Plaintiffs needed to

9    address with respect to their Article I, Section 2 claim.  Particularly, the Court determined that

10   Plaintiffs' FAC failed to state an Article I, Section 2 claim because Article I, Section 2 includes a

11   state actor limitation, and Plaintiffs failed to allege that Defendants were state actors.  First MTD

12   Order at 13.  Accordingly, the Court finds that amendment is futile and will not give Plaintiffs a

13   seventh bite at the apple.  *Carvalho*, 629 F.3d at 892; *Ruiz v. Natl. City Bank*,

14   2:09CV01586JAMGGH, 2010 WL 1006412, at *5 (E.D. Cal. 2010) ("[D]ismissal with prejudice is

15   appropriate given that the Plaintiff has been given two chances to try to plead proper claims against

16   this Defendant.").  Given that this Court's discretion to deny leave to amend is particularly broad

17   where a complaint has already been amended, *see Cafasso, U.S. ex rel. v. General Dynamics C4*

18   *Systems, Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011), the Court dismisses Plaintiffs' Article I, Section

19   2 claim with prejudice.

20           **C.       Motion to Strike**

21           Defendants argue that allegations in the TACC relating to the dismissed defendants, Michael

22   Gillett and James Dennis, must be stricken.  Mot. at 12.  As part of the parties' meet and confer

23   session regarding potential amendments to the SACC, Plaintiffs agreed to dismiss Defendants Gillett

24   and Dennis from the TACC.  *See* ECF No. 115.  The Court subsequently dismissed Gillett and

25   Dennis as defendants.  First MTD Order at 26.  However, the TACC still identifies Gillett and

26

27   _____

     [8] Defendants filed motions to dismiss Plaintiffs' Article I, Section 2 claim on January 16, 2013, and

28   May 22, 2013, on the basis that Article I, Section 2 does not create a private right of action for
     damages.

                                                        14

1   Dennis as defendants.  TACC ¶¶ 8-9.  The TACC also alleges that Gillett and Dennis "joined in the

2   common Circus employees' behavior of shining laser pointers into the cameras of activists," TACC ¶

3   48, and supervised the Circus employees who were throwing objects at Ennis, TACC ¶ 50.  Plaintiffs

4   do not oppose Defendants' Motion to Strike and state that, "Defendants correctly point out several

5   Scrivener's errors in the [TACC] which refer to Gillett and Dennis as defendants."  Accordingly, the

6   Court strikes all allegations in the TACC that refer to Gillett and Dennis (TACC ¶¶ 8, 9, 48, 50).

7   **IV.      CONCLUSION**

8          For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs'

9   Article I, Section 2 claim with prejudice and GRANTS Defendants' Motion to Strike all allegations

10  in the TACC that refer to Matthew Gillett and James Dennis.  Plaintiffs shall file an amended

11  consolidated complaint within seven days of this Order to modify Paragraphs 8, 9, 48, and 50 by

12  removing all references to Gillett and Dennis.  Plaintiffs may not make any other changes to the

13  TACC.

14  **IT IS SO ORDERED.**

15

16  Dated:  April 7, 2014                                   *Lucy H. Koh*
                                                            _____
17                                                          LUCY H. KOH
                                                            United States District Judge
18

19

20

21

22

23

24

25

26

27

28

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
ORDER GRANTING MOTION TO DISMISS AND STRIKE

United States District Court
For the Northern District of California