UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHANNON CAMPBELL,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>FELD ENTERTAINMENT, INC., *et al.*,<br><br>　　　　　　Defendants. | Case Nos.: 12-CV-04233-LHK<br>　　　　　　13-CV-00233-LHK<br><br>ORDER DENYING SHANNON CAMPBELL'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE |
| MARK ENNIS,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>FELD ENTERTAINMENT, INC., *et al.*,<br><br>　　　　　　Defendants. | |

　　　　Plaintiffs Shannon Campbell ("Campbell") and Mark Ennis ("Ennis") (collectively, "Plaintiffs") bring this action against Defendants Feld Entertainment, Inc., doing business as Ringling Bros. and Barnum & Bailey Circus, and several employees thereof (collectively, "Defendants" or "FEI"), for assault, battery, and interference with their rights arising from numerous incidents in which Plaintiffs were allegedly harassed while protesting FEI's circus events. Campbell now moves for partial relief from Magistrate Judge Lloyd's August 5, 2014 Order, ("August 5 Order") ECF No. 178, resolving numerous discovery disputes between the

1

parties. ("Mot.") ECF No. 179. Defendants have not filed a response, and the time in which to respond has now passed. Having considered Campbell's submission and the relevant law, the Court hereby DENIES Campbell's Motion for Relief.

## I. PROCEDURAL HISTORY

On May 5, 2014, Defendants submitted Unilateral Discovery Dispute Report #4 to Judge Lloyd, which reported, among other things, that Campbell had refused to fully comply with various requests for production of videos depicting interactions between Campbell and fellow members of the animal rights group Humanity Through Education ("HTE") and Defendants. ECF No. 165. Campbell filed a Response to Defendants' Report on May 12, 2014. ECF No. 167. In her Response, Campbell took the position that Defendants' video production requests were "grossly overly broad" and threatened Campbell's and HTE members' First Amendment rights. *Id.* at 2. Campbell further represented that she had produced all videos depicting the incidents specifically identified in her complaint. *Id.*

Judge Lloyd issued a ruling on this discovery dispute on August 5, 2014. Aug. 5 Order. In the August 5 Order, Judge Lloyd concluded that although Defendants' original requests for production of videos were overbroad, Campbell was nevertheless required to produce additional videos beyond those depicting the specific incidents identified in Campbell's complaint. *Id.* at 9 ("[P]revious interactions between the parties are potentially relevant, and requests to produce videos depicting these previous interactions, albeit requests more narrowly tailored than FEI's are here, are reasonably calculated to discover admissible evidence."). Accordingly, Judge Lloyd ordered Campbell to "produce videos depicting public protests of FEI circus events which were filmed by Campbell or Ennis or in which Campbell or Ennis appear." *Id.* Campbell filed the instant Motion for Relief on August 19, 2014. Mot.

## II. LEGAL STANDARD

A district court may designate any non-dispositive pretrial matter to be determined by a magistrate judge, whose ruling on the matter will be modified or set aside only if "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); *Grimes v.*

2

*City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991). In reviewing for clear error, the district judge may not simply substitute his or her judgment for that of the magistrate judge. *See Grimes*, 951 F.2d at 241. Rather, a magistrate judge's non-dispositive ruling is clearly erroneous only when the district court is left with a "definite and firm conviction that a mistake has been committed." *Burdick v. Comm'r Internal Rev. Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992); *see also United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001) (noting that a magistrate judge's decisions with regard to discovery disputes and other non-dispositive matters are entitled to great deference). "[A]ny motion not listed [under § 636(b)(1)(A) ], nor analogous to a motion listed in this category, falls within the non-dispositive group of matters which a magistrate may determine." *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990).

## III.   DISCUSSION

Campbell objects to the August 5 Order as overbroad. Mot. at 4. As Campbell sees it, "videos depicting public protests of FEi circus events which were filmed by Campbell or Ennis or in which Campbell or Ennis appear" could encompass video footage that does not depict interactions between Campbell and/or Ennis and Defendants and that is therefore irrelevant to the claims and disputes in this case. *Id.* Campbell further appears to suggest that the August 5 Order is actually too *narrow*. Specifically, Campbell contends that certain interactions between the parties, such as interactions that occur during the "animal walks," do not constitute "public protests," and are thus not covered by the August 5 Order. *Id.*

The Court is not persuaded that the August 5 Order is overbroad. The standard for discovery under Federal Rule of Civil Procedure 26(b)(1) is intentionally broad and excludes only discovery that is not "reasonably calculated to lead to the discovery of admissible evidence." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978) (internal quotation marks omitted). Campbell fails to show that the August 5 Order violates this liberal standard. Given that a video of a public protest of one of FEI's circus events that was either filmed by Campbell or Ennis or in which Campbell or Ennis appears, by definition, constitutes an interaction between the parties, such video footage is likely to lead to the discovery of admissible evidence, as the history

3

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
ORDER DENYING SHANNON CAMPBELL'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

of Plaintiffs' protest activities at FEI circus events is central to Defendants' defense theory that Campbell and Ennis " incite altercations at the protests to manufacture claims against the circus." Aug. 5 Order at 3. The Court therefore concludes that the August 5 Order is not clearly erroneous and thus DENIES Campbell's Motion for Relief.

After all the litigation in the instant case about the San Jose animal walks, the Court was surprised to see that Plaintiff claims that her activities at the San Jose animal walks do not constitute "public protests." Although concrete disputes about specific discovery should be brought before Judge Lloyd, the Court hereby advises Plaintiff that she should not use an overly narrow definition of "public protests" and must comply fully with her discovery obligations pursuant to Judge Lloyd's August 5 Order.

## IV. CONCLUSION

For the foregoing reasons, Campbell's Motion for Relief from a Non-Dispositive Pretrial Order of a Magistrate Judge is DENIED.

**IT IS SO ORDERED.**

Dated: September 15, 2014

*Lucy H. Koh*
LUCY H. KOH
United States District Judge