**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHANNON CAMPBELL,<br><br>           Plaintiff,<br>v.<br><br>FELD ENTERTAINMENT, INC., et al.,<br><br>           Defendants. | Case Nos.: 12-CV-04233-LHK<br>             13-CV-00233-LHK<br><br>ORDER RE: ADMINISTRATIVE<br>MOTIONS TO SEAL |
| MARK ENNIS,<br><br>           Plaintiff,<br>v.<br><br>FELD ENTERTAINMENT, INC., et al.,<br><br>           Defendants. | |

Before the Court are two administrative sealing motions (ECF Nos. 196, 207), which were filed in connection with Plaintiffs' Motion for Partial Summary Judgment (ECF No. 188) and Defendants' Opposition thereto (ECF No. 206).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597

1

& n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178-79. Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secret." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* Dispositive motions include "motions for summary judgment." *Id.*

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.* R. 79-5(d)(1). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." *Id.* R. 79-5(e)(1).

With these standards in mind, the Court rules on the instant motions as follows:

| Motion to Seal | Standard | Document to be Sealed | Ruling |
|---|---|---|---|
| 196 | Compelling Reasons | Ex. L to Plaintiffs' Motion for Partial Summary Judgment: "Animal Walk Escort Training" (ECF No. 195-10) | DENIED WITHOUT PREJDUICE because the request is not "narrowly tailored." Civ. L. R. 79-5(b). Defendants should identify which specific information within the training guide is necessary to redact for the safety of its employees, animals, and patrons. |
| 196 | Compelling Reasons | Ex. M to Plaintiffs' Motion for Partial Summary Judgment: "Role of Escorts" (ECF No. 195-11) | DENIED WITH PREJUDICE because the photograph does not show anything the public cannot already see. |
| 196 | Compelling Reasons | Ex. N to Plaintiffs' Motion for Partial Summary Judgment: San Jose "Risk Assessment" (ECF No. 195-12) Ex. O to Plaintiffs' Motion for Partial Summary Judgment: 8/1/12 Jeff Stiles Email (ECF No. 195-13) Ex. P to Plaintiffs' Motion for Partial Summary Judgment: Oakland "Risk Assessment" (ECF No. 195-14) | DENIED WITHOUT PREJDUICE because the request is not "narrowly tailored." Civ. L. R. 79-5(b). Defendants should identify which specific information within the documents is necessary to redact for the safety of its employees, animals, and patrons. |
| 207 | Compelling Reasons | Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment (ECF No. 207-5) | DENIED WITH PREJUDICE because Defendants offer no compelling reason to seal the references at page 7:25-28 (i.e., footnote 4). |

**IT IS SO ORDERED.**

Dated: December 2, 2014

_____
LUCY H. KOH
United States District Judge

3

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL