UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHANNON CAMPBELL,<br><br>               Plaintiff,<br>     v.<br><br>FELD ENTERTAINMENT, INC., et al.,<br><br>               Defendants.<br><br>MARK ENNIS,<br><br>               Plaintiff,<br>     v.<br><br>FELD ENTERTAINMENT, INC., et al.,<br><br>               Defendants. | Case Nos.: 12-CV-04233-LHK<br>            13-CV-00233-LHK<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION, AND GRANTING SUMMARY JUDGMENT AS TO DEFENDANT BAILEY |

Plaintiffs Shannon Campbell ("Campbell") and Mark Ennis ("Ennis") (collectively, "Plaintiffs") have brought a diversity action against defendants Feld Entertainment, Inc. ("FEI"), operator of the Ringling Bros. and Barnum & Bailey Circus ("Circus"); Michael Stuart ("Stuart"); and David Bailey ("Bailey") (collectively, "Defendants") for alleged violations of state law and common law torts.

1

On December 15, 2014, the Court granted in part and denied in part Defendants' Motion for Summary Judgment or, Alternatively, Partial Summary Judgment (ECF No. 187), and denied Plaintiffs' Motion for Partial Summary Judgment (ECF No. 188). *See* ECF No. 233. In so doing, the Court allowed some of Plaintiffs' claims to survive summary judgment, but only as they pertained to either the Oakland 2012 or San Jose 2012 incidents. *See id.* at 33-35.

On December 18, 2014, Defendants filed the instant Motion for Leave to File a Motion for Reconsideration. ECF No. 234. In their motion, Defendants argue that "Bailey should be dismissed as a defendant because he is not alleged to have personally committed any torts or statutory violations, and Plaintiffs' 'aiding and abetting' theory fails" as a matter of law. *Id.* at 1. The Court agrees. Pursuant to Civil Local Rule 7-9(b), the Court finds that Defendants have shown that the Court inadvertently overlooked a dispositive argument with respect to Bailey, thus warranting reconsideration of the Court's prior order. As a result, the Court GRANTS Defendants' Motion for Leave to File a Motion for Reconsideration.

Rather than having Defendants file another motion, the Court proceeds to reconsider Defendants' summary judgment motion with respect to Bailey. The sole allegation against Bailey involving either the Oakland 2012 or San Jose 2012 incidents is that Bailey, at the Oakland 2012 animal walk, was "supervising the Circus employees who repeatedly used the rope and their bodies to interfere with Plaintiffs' constitutionally protected right to videotape the Circus' treatment of the animals during the walk." ECF No. 158 ¶¶ 55, 57. On this basis alone, Plaintiffs claim that Bailey "aided and abetted other Ringling employees" who allegedly assaulted Campbell and battered both Campbell and Ennis "by providing employees with the instrumentalities of their [intentional torts]—including, but not limited to, the ropes, cameras, and laser pointers—and instructing them to use" these instrumentalities in a tortious manner. *Id.* ¶ 130; *see also id.* ¶ 124.

These "sweeping conclusory allegations" are insufficient to survive summary judgment. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011); *see also Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007) ("Bald assertions that genuine issues of material fact exist are insufficient."). As the Court stated in its motion to dismiss order of

2

April 7, 2014: "Supervision and the failure to stop employees from engaging in intentional torts . . . are insufficient to state a claim for battery." ECF No. 154 at 23. The same is true for assault. *See id.* at 25. "Mere knowledge" under California law "that a tort is being committed and the failure to prevent it does not constitute aiding and abetting." *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 879 (2007) (internal quotation marks omitted). "As a general rule," moreover, "a supervisor is not liable to third parties for the acts of his or her subordinates." *Id.* (internal quotation marks omitted).

Here, Plaintiffs have offered no evidence suggesting that Bailey even knew that intentional torts may have been committed at the Oakland 2012 incident, let alone that he "instructed" Circus employees to act tortiously or otherwise intended that they do so. *See FlatWorld Interactives LLC v. Apple Inc.*, No. 12-CV-01956-WHO, 2013 WL 6406437, at *3 (N.D. Cal. Dec. 6, 2013) (explaining that "aiding and abetting" under California law "necessarily requires a defendant to reach a conscious decision to participate in tortious activity for the purpose of assisting another in performing a wrongful act" (quoting *Howard v. Super. Ct.*, 2 Cal. App. 4th 745, 749 (1992))). Without any evidence, all Plaintiffs can offer in their Opposition is a single, conclusory statement: "The evidence establishes that Stuart and Bailey instructed the rope holders to occupy the entire street, regardless of whether there was space to walk, and encouraged the rope holders as they were assaulting the Plaintiffs." ECF No. 201 at 12. Plaintiffs provide no record citation for this bald assertion, and the Court has no duty to scavenge the record for a genuine dispute. *See Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court does not have a duty to search for evidence that would create a factual dispute.").

Because Defendants have demonstrated the absence of a genuine dispute of material fact as to whether Bailey aided and abetted Circus employees who allegedly committed intentional torts against Plaintiffs, the Court GRANTS summary judgment as to Bailey. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (explaining that "there must be evidence on which the jury could reasonably find for the plaintiff" in order to survive summary judgment).

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION, AND GRANTING SUMMARY JUDGMENT AS TO DEFENDANT BAILEY

**IT IS SO ORDERED.**

Dated: December 23, 2014



_____
LUCY H. KOH
United States District Judge