*E-Filed: January 12, 2015*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHANNON CAMPBELL,<br><br>　　　　Plaintiff,<br>　v.<br>FELD ENTERTAINMENT INC., et al.,<br>　　　　Defendants.<br>_____/ | No. C12-04233 LHK (HRL)<br>No. C13-00233 LHK (HRL)<br><br>**ORDER re DISCOVERY DISPUTE JOINT REPORT #7-#9**<br><br>**[Re: Docket Nos. 182, 183, 184]** |
| MARK ENNIS,<br><br>　　　　Plaintiff,<br>　v.<br>FELD ENTERTAINMENT INC., et al.,<br>　　　　Defendants.<br>_____/ | |

Animal rights activists Shannon Campbell and Mark Ennis sue Feld Entertainment, Inc., doing business as Ringling Bros. and Barnum & Bailey Circus, and several employees thereof (collectively, "FEI"), for assault, battery, and interference with their rights arising from numerous incidents in which Plaintiffs were allegedly harassed while protesting FEI's circus events. Presently before the Court are three Discovery Dispute Joint Reports ("DDJRs"). Each will be addressed in turn.

///

**A. Discovery Dispute Joint Report #7**

Plaintiff served a Notice of Deposition of FEI pursuant to Fed. R. Civ. P. 30(b)(6), which contained 29 topics for testimony. According to FEI, some topics appeared to be copies of prior document requests, some sought attorney-client or work product information, and others were overbroad, burdensome, or could be gleaned from the video recordings that were produced. FEI objected. In addition, FEI's counsel advised Plaintiff's counsel that except for net worth issues, it appeared that Plaintiff was seeking someone to testify about policies/procedures/training for animal walks, how routes are chosen/instructions from law enforcement regarding routes, and the securing of walk permits. Plaintiff's counsel agreed. FEI's counsel followed up with an email confirming its offer of testimony on the following topics: (1) "A person or persons most knowledgeable regarding the training and policies provided to Ringling personnel to guide their conduct during Ringling Bros. animal walks in Northern California."; (2) "A person or persons most knowledgeable regarding how routes are chosen for the Ringling Bros. animals walks (including instructions regarding those routes by law enforcement) in Northern California."; and (3) "A person or persons most knowledgeable regarding how Ringling Bros. obtains permits for its animal walks in Northern California." Before the depositions occurred, Plaintiff asked which topics were to be covered. FEI reiterated the three categories above, and indicated that Topics 3, 19-23, and 26-29 were to be covered by the deponents who were also percipient witnesses.

Plaintiff prepared DDJR #7 in response, seeking an order compelling testimony on Topics 4, 6-15, 17-21, and 23-29. Plaintiff contends that FEI has wrongfully failed to produce a witness on the topics. FEI contends that the topics Plaintiff served for deposition were either properly objected to or have already been the subject of testimony produced by FEI's percipient and/or Fed. R. Civ. P. 30(b)(6) witnesses. Each topic will be addressed in turn.

Topic 4: Topic 4 requested "All documents produced to Plaintiff Campbell or plaintiff Ennis by Defendant in the course of this case." FEI objected that the topic was unintelligible, unduly burdensome, and intended to harass. Plaintiff claims that the topic was meant to discover the methods for searching for those documents. Plaintiff's counsel asked the Rule 30(b)(6)

witnesses—Mike Stuart, David Bailey, and Janice Aria—about the methods for searching for the documents, and testimony was permitted.

<u>Topics 17-18:</u> Topics 17 and 18 sought "Your communications with any Oakland Arena employee or representative regarding permits or permit applications [or 'permit issues']." Plaintiff argues that she seeks information regarding claims that "Defendants were acting at the direction of arena personnel." During Bailey's deposition, Plaintiff asked questions about Topics 17 and 18. Bailey is FEI's designated witness on these two topics. Bailey participated in the communications at issue, and he identified the venue and Oakland City people with whom he spoke.

<u>Topics 19-21:</u> Topics 19-21 seek testimony about venue representatives and communications. Stuart and Bailey were designated on these topics and testified.

<u>Topics 23-29:</u> FEI provided a written statement prior to the Rule 30(b)(6) depositions that Topics 23, 26-29 "will be covered by Bailey and Stuart." Testimony has already been provided. In regards to Topics 24 and 25 ("variances in street conditions" and "set off" from the public), FEI objected to the requirement that someone at FEI be required to testify as to the topography of a public street. Nonetheless, Stuart provided testimony on these topics.

<u>Topics 6-15:</u> Plaintiff seeks testimony on the following topics relating to FEI's net worth: the net worth and financial condition of FEI for the past 5 years (Topic 6); FEI's balance sheets, audited and/or unaudited, for the past 5 years (Topic 7); all documents ever provided to any government agency regarding net worth (Topic 8); all of FEI's financial statements for the past 5 years (Topic 9); FEI's annual reports for the past 5 years (Topic 10); all of FEI's semiannual and quarterly financial statements for the past 5 years (Topic 11); Ringling Bros.'s revenues, profits, and losses related to any venue for the past 5 years (Topics 12-14); and Ringling Bros.'s venues, profits, and losses for events in certain cities for the past 5 years (Topic 15).

Plaintiff argues that the information sought will support the recovery of punitive damages based upon her claims for assault and battery. Current net worth is the standard for consideration of punitive damages. Plaintiff does not explain why this historical information regarding profits, revenues, losses, and the like, is relevant. The scope of information she seeks goes beyond what is necessary financial information to support a claim for punitive damages.

In addition, the actual net worth of the company has been provided to Plaintiff. After Plaintiff served the deposition notice, FEI notified Plaintiff's counsel that although no deponent would be offered on these topics, FEI would provide a declaration regarding current net worth based on audited financial statements. FEI subsequently provided Plaintiff a confidential declaration regarding net worth from its Chief Financial Officer, in which the net worth from the most recent audited consolidated financial statement for FEI was disclosed.

Accordingly, Plaintiff's request for an order compelling testimony on Topics 4, 6-15, 17-21, and 23-29 is denied.

**B. Discovery Dispute Joint Report #8**

FEI served a subpoena on Third-Party Joseph Cuviello requesting all videos that: (1) depict any Ringling Bros. event or animal walk; (2) depict any past or present member of Humanity Through Education ("HTE") protesting against any Ringling Bros. event or animal walk; and (3) depict any Ringling Bros. personnel. Cuviello objected that the requests were overly broad, unduly burdensome, and sought materials not relevant to any claim or defense. FEI narrowed its request to all videos from 2008-2012. Cuviello initially agreed, then declined, to produce the videos.

The parties submitted DDJR #3, which addressed whether Cuviello would be required to produce the videos in response to the subpoena. In the Order Re: Discovery Dispute Joint Report #1-6, this Court ordered that Cuviello produce a list of videos in his possession and control. Cuviello produced the list, and Defendants requested a subset of videos from that list. Cuviello refuses to produce the subset of videos. Cuviello contends that he has complied with the Court's Order by providing the list, and Defendants were required to serve a new document subpoena on Cuviello in order to secure production of the videos, even though discovery closed before the present DDJR was filed.

A formal request for the videos has already been made by virtue of the third-party subpoena served upon Cuviello. The Order Re: Discovery Dispute Joint Report #1-6 directed Cuviello to provide a list of videos, from which Defendants could select specific videos they wished to have produced. Cuviello is required to produce the videos identified by FEI that are relevant for the purposes of discovery, as explained below.

4

Cuviello argues that with respect to the other third parties in this action, the Court has only ordered the production of videos depicting the incidents in the complaint. According to Cuviello, because he is also a third-party witness, it would be "unfair and improper" to treat Cuviello differently than the other third-party witnesses for which FEI issued identical documents requests. Accordingly, Cuviello argues that his production should similarly be limited to videos depicting the incidents in the complaint. The Court finds that only those videos depicting the incidents in the complaint are relevant for the purposes of discovery. Accordingly, Cuviello is ordered to produce all videos requested by FEI that depict the incidents described in the complaint.

Cuviello argues that he requires three months to produce the requested videos because they encompass hundreds of hours of recordings. This argument is not credible. The production of these videos shall be completed within 10 days from the date this Order is filed.

**C. Discovery Dispute Joint Report #9**

FEI has produced certain risk assessment reports prepared by third party Lowers and Associates (FEI001622-FEI002799) in response to Ennis's document requests. Lowers and Associates is a risk management and private investigation firm employed by FEI. The reports consist of risk assessments that evaluate the risk of potential conflicts with activists in advance of Ringling Bros. circus performances, analysis of the activities, and organization of various animal rights activists, including Ennis, HTE, and others. The reports also assess past circus performances and animal walks with regard to the impact of animal rights activists on the events, and the reactions of FEI employees, the public, and law enforcement.

FEI contends that it appropriately redacted irrelevant and non-responsive sensitive security information from the reports concerning animal rights groups that are unrelated to HTE as well as other information related to other potential security concerns unrelated to HTE. Ennis requests that HTE produce unredacted versions of these reports. Ennis argues that the redacted portions should be produced because they may show whether FEI regards other activists as lesser or greater threats than HTE, or whether FEI takes similar actions against those activists.

FEI has produced all excerpts of the reports relating to the topics set forth in Ennis's requests for production, and Ennis does not dispute this. Ennis did not request production of documents

relating to the activities of other animal rights activists or any other security concerns unrelated to HTE.

In addition, the redacted information relates to animal rights groups or individuals unrelated to the present action. FEI has not asserted that Plaintiffs are working in concert with unrelated animal rights groups and individuals in an attempt to disrupt FEI events. Nor has FEI asserted that it takes special measures to protect itself against HTE and Plaintiffs, in contrast to other animal rights activists. The information Ennis seeks is irrelevant to his claims. *See* Fed. R. Civ. P. 26(b)(1) (a party has a right to discover non-privileged matter that is relevant to any party's claim or defense).

Accordingly, Ennis's request for unredacted versions of the reports is denied.

## CONCLUSION

The production of all materials described above shall be completed within 10 days from the date this Order is filed.

**IT IS SO ORDERED.**

Dated: January 12, 2015

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C12-04233 HRL Notice will be electronically mailed to:**

G. Whitney Leigh     whitney@leighlegal.com, alannah@leighlegal.com, lhepner@gonzalezleigh.com, lisa@leighlegal.com

John Morgan Simpson     john.simpson@nortonrosefulbright.com

Matthew A. Siroka     mas@defendergroup.com, marken@sonic.net

Michelle C. Pardo     michelle.pardo@nortonrosefulbright.com

Peter Harold Mason     peter.mason@nortonrosefulbright.com, cynthia.pacheco@nortonrosefulbright.com

Richard Tyler Atkinson     tatkinson@mcmanislaw.com, cmcclelen@mcmanislaw.com, eschneider@mcmanislaw.com, svannorman@mcmanislaw.com

Rubina Kazi     rkazi@mcmanislaw.com, cmcclelen@mcmanislaw.com, eschneider@mcmanislaw.com

Tarifa B Laddon     tarifa.laddon@nortonrosefulbright.com, mylene.ruiz@nortonrosefulbright.com

Todd Matthew Sorrell     todd.sorrell@nortonrosefulbright.com, mylene.ruiz@nortonrosefulbright.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**