1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          NORTHERN DISTRICT OF CALIFORNIA
10                SAN JOSE DIVISION

11  SHANNON CAMPBELL,                    )   Case Nos.: 12-CV-04233-LHK
                                         )              13-CV-00233-LHK
12                     Plaintiff,        )
          v.                             )
13                                       )   **PRELIMINARY JURY**
    FELD ENTERTAINMENT, INC., and        )   **INSTRUCTIONS (ANNOTATED)**
14  MICHAEL STUART,                      )
                                         )
15                     Defendants.       )
                                         )
16  _____     )
                                         )
17  MARK ENNIS,                          )
                                         )
18                     Plaintiff,        )
          v.                             )
19                                       )
    FELD ENTERTAINMENT, INC., and        )
20  MICHAEL STUART,                      )
                                         )
21                     Defendants.       )
    _____     )

22        The parties shall file any objections to the preliminary jury instructions by January 26,

23  2015.  Defendants shall notify the Court by January 30, 2015, if they plan on using a court-certified

24  interpreter such that instructions 14 and 15 should be given.

25  **IT IS SO ORDERED.**

26  Dated: January 23, 2015                    _Lucy H. Koh_

27                                             _____
                                               LUCY H. KOH
28                                             United States District Judge

United States District Court
For the Northern District of California

## 1. DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial for your reference. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.1A (2007 Edition)

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 2. CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs are animal rights activists who demonstrate against and videotape the treatment of circus animals.  Plaintiffs' claims against Feld Entertainment, Inc. ("FEI"), which owns and operates the Ringling Bros. and Barnum & Bailey Circus, and Michael Stuart ("Stuart"), FEI's director of circus operations, arise from two incidents.

First, on August 7, 2012, while circus animals were being walked from a nearby train to the Oakland arena, Plaintiffs allege that they were unlawfully harassed, assaulted, and battered by FEI employees.

Second, on August 18, 2012, plaintiff Ennis claims that he was unlawfully harassed and battered by an FEI employee while he was standing outside the San Jose arena videotaping circus animals. Plaintiffs have the burden of proving their claims by a preponderance of the evidence.

The defendants, FEI and Stuart, deny that they or any FEI employee acted unlawfully towards Plaintiffs at either the Oakland 2012 or San Jose 2012 incident.  To the extent any FEI employees may have come into physical contact with Plaintiffs at either incident, the contact was incidental and not unreasonable, Plaintiffs invited the contact, or FEI cannot be held responsible for the contact.

**Source:** Ninth Circuit Model Civil Jury Instructions – 1.2 (2007 Edition)

3

**3. BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.3 (2007 Edition)

United States District Court
For the Northern District of California

### 4. BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.4 (2007 Edition)

United States District Court
For the Northern District of California

# 5. TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.5 (2007 Edition)

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

United States District Court
For the Northern District of California

**6. WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the lawyers have agreed.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.6 (2007 Edition)

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

**United States District Court**
For the Northern District of California

# 7. WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

> (1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they will say in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

> (2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

> (3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

> (4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.7 (2007 Edition)

United States District Court
For the Northern District of California

1

**8. DIRECT OR CIRCUMSTANTIAL EVIDENCE**

2

3

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

4

5

6

7

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.9 (2007 Edition)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

**United States District Court**
For the Northern District of California

# 9. RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.10 (2007 Edition)

United States District Court
For the Northern District of California

**10. CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

> (1) the opportunity and ability of the witness to see or hear or know the things testified to;

> (2) the witness's memory;

> (3) the witness's manner while testifying;

> (4) the witness's interest in the outcome of the case and any bias or prejudice;

> (5) whether other evidence contradicted the witness's testimony;

> (6) the reasonableness of the witness's testimony in light of all the evidence; and

> (7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.11 (2007 Edition)

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 11. CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.12 (2009 Edition)

1

## 12. NO TRANSCRIPT AVAILABLE TO JURY

2

3   During deliberations, you will have to make your decision based on what you recall of the
    evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the

4   testimony as it is given.

5   If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know
    so that I can correct the problem.

6

7   **Source:** Ninth Circuit Model Civil Jury Instructions - 1.13 (2007 Edition)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

**United States District Court**
For the Northern District of California

# 13. TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.14 (2007 Edition)

## 14. JURY TO BE GUIDED BY OFFICIAL ENGLISH INTERPRETATION

Languages other than English may be used during this trial.

The evidence to be considered by you is only that provided through the official court interpreters. Although some of you may know Spanish, it is important that all jurors consider the same evidence.  Therefore, you must accept the English interpretation.  You must disregard any different meaning.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.16 (2007 Edition)

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

United States District Court
For the Northern District of California

**15. USE OF INTERPRETERS IN COURT**

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.17 (2007 Edition)

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

# 16. BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.18 (2007 Edition)

**United States District Court**
For the Northern District of California

**17. DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.


**Source:** Ninth Circuit Model Civil Jury Instructions - 2.4 (2007 Edition)

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

1

**18. USE OF INTERROGATORIES OF A PARTY**

2

3   Evidence may be presented to you in the form of answers of one of the parties to written
interrogatories submitted by the other side.  These answers were given in writing and under oath,
before the actual trial, in response to questions that were submitted in writing under established
court procedures.  You should consider the answers, insofar as possible, in the same way as if they
were made from the witness stand.

4

5

6

7   **Source:** Ninth Circuit Model Civil Jury Instructions - 2.10 (2007 Edition)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

## 19. EVIDENCE IN ELECTRONIC FORMAT

Exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  Equipment to view the exhibits will be available to you in the jury room.

A court technician will show you how to operate the equipment and how to locate and view the exhibits.  You will also be provided with a list of all exhibits received in evidence.  (Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the bailiff.)  If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the equipment, you may send a note to the bailiff, signed by your foreperson or by one or more members of the jury.  Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the courtroom deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the equipment in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the equipment for any other purpose.  At my direction, technicians have taken steps to make sure that the equipment does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the equipment to obtain access to such materials.  If you discover that the equipment provides or allows access to such materials, you must inform me immediately and refrain from viewing such materials.  Do not remove the equipment or exhibits from the jury room, and do not copy the exhibits.


**Source:** Ninth Circuit Model Civil Jury Instructions - 2.14 (2007 Edition)

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 20. OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement.

An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.19 (2007 Edition)

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)