UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHANNON CAMPBELL,<br><br>       Plaintiff,<br>v.<br><br>FELD ENTERTAINMENT, INC., and<br>MICHAEL STUART,<br><br>       Defendants.<br>——————————————————<br>MARK ENNIS,<br><br>       Plaintiff,<br>v.<br><br>FELD ENTERTAINMENT, INC., and<br>MICHAEL STUART,<br><br>       Defendants. | Case Nos.: 12-CV-04233-LHK<br>                13-CV-00233-LHK<br><br>**PRETRIAL CONFERENCE ORDER** |

Plaintiff Campbell's Attorney: G. Whitney Leigh
Plaintiff Ennis's Attorney: Matthew A. Siroka
Defendants' Attorneys: John M. Simpson; Michelle C. Pardo; Peter Harold Mason; Ruby H. Kazi; and paralegal Cindy McClellan

A pre-trial conference was held on January 22, 2015. At the pretrial conference, the Court made the following rulings on the record:

TRIAL SCHEDULE: Trial will take place on February 9, 2015; February 10, 2015; February 13, 2015; February 17, 2015; February 20, 2015; February 23, 2015; and February 24, 2015. Unless otherwise specified below, trial will take place from 9:00 a.m. to 4:30 p.m., with a lunch break from noon to 1:00 p.m. There will be an approximately 15 minute break at about 10:30 a.m., and

1

two approximately 10 minute breaks at about 2:15 p.m. and about 3:30 p.m. each day. On February 10, 2015, the trial will recess at 3:15 p.m.

TIME LIMITS: The parties shall have 40 minutes per side for opening statements. The parties shall have 13 hours of evidence per side. The parties shall have 70 minutes per side for closing arguments. Plaintiffs' counsel may divide their time as they see fit.

JURORS: The Court will empanel nine jurors. Each side may exercise up to four peremptory challenges.

VOIR DIRE: The Court will conduct voir dire. The Court will allow 15 minutes of attorney voir dire per side. By February 6, 2015, the parties shall file a joint list of witnesses, law firms, attorneys, and support staff, along with trial dates and times, to be distributed during jury selection. The parties shall bring 40 copies of the joint list on February 9, 2015.

PRELIMINARY JURY INSTRUCTIONS: The Court has filed a proposed set of preliminary jury instructions with annotations. ECF No. 283. Pursuant to that order, the parties shall file any objections by January 26, 2015.

FINAL JURY INSTRUCTIONS: Defendants have filed proposed substantive jury instructions. ECF No. 276. By January 26, 2015, Plaintiffs shall file a brief not to exceed four pages in length listing their principal objections to Defendants' proposed substantive jury instructions. Defendants shall file an opposition not to exceed four pages in length by January 30, 2015.

PUNITIVE DAMAGES: Per the parties' agreement, there will be no bifurcation on punitive damages.

DISPUTED LEGAL ISSUES: For the reasons stated on the record, the Court made the following rulings on disputed questions of law:

1. Campbell may not base her UCL unlawful claim on the common law torts of assault and battery. Nor may she base her UCL unlawful on any alleged violation that the Court has already dismissed (e.g., section 647c of the California Penal Code) or on any alleged violation that was not presented to the Court at summary judgment (e.g., the Oakland permit or permit ordinance). Campbell may base her UCL unlawful claim on the Ralph Act and Bane Act only.

2. Plaintiffs must show "harm" as a required element under the Ralph Act.

3. Plaintiffs' Bane Act claim, predicated on section 43 of the California Civil Code, covers Plaintiffs' right to be free from "bodily restraint or harm."

4. Plaintiffs' animal rights activism and membership in HTE constitute a "political affiliation" for purposes of the Ralph Act.

5. The Court denied Plaintiffs' Request for Judicial Notice. ECF No. 281.

SUPPLEMENTAL FILINGS:

1. Plaintiffs' Animal Rights Activism: By January 26, 2015, the parties shall file a joint stipulation indicating that Plaintiffs are animal rights activists who demonstrate against and videotape what Plaintiffs consider to be the mistreatment of circus animals; that their activism and membership in HTE constitutes a political affiliation for purposes of the Ralph Act; and any other facts concerning Plaintiffs' animal rights activism to which the parties will stipulate.

2

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
PRETRIAL CONFERENCE ORDER

2. Federal Injunction: By January 27, 2015, Plaintiffs shall file a proffer not to exceed two pages in length indicating what information Plaintiffs intend to introduce concerning the operative injunction at the time of the Oakland 2012 incident.  By January 30, 2015, Defendants shall file a response not to exceed two pages in length.

3. **Oakland Permit: By January 27, 2015, Plaintiffs shall file a proffer not to exceed two pages in length indicating what information and arguments Plaintiffs intend to introduce concerning Defendants' alleged violation of the permit Defendants obtained for the Oakland 2012 animal walk.  By January 30, 2015, Defendants shall file a response not to exceed two pages in length.**[1]

MOTIONS IN LIMINE: For the reasons stated on the record, after reviewing the parties' briefing, considering the parties' oral arguments and the record in this case, and balancing the considerations set forth in Federal Rule of Evidence 403, the Court made the following rulings on the motions in limine:

1. Plaintiffs' motion in limine no. 1 to exclude the fact that other claims and defendants have been dismissed is GRANTED.

2. Plaintiffs' motion in limine no. 2 to exclude evidence that should have been produced in discovery is GRANTED in part and DENIED in part.  The Senglaub declaration will not be excluded.  The identity of, and warning notice issued to, Christopher Blasting will be excluded.

3. Plaintiffs' motion in limine no. 3 to exclude expert testimony on rope usage is DENIED.

4. Plaintiffs' motion in limine no. 4 to exclude evidence of Plaintiffs' prior bad acts is GRANTED in part and DENIED in part.  Evidence of Plaintiffs' own conduct at the August 7, 2012, incident in Oakland ("Oakland 2012") or the August 18, 2012, incident in San Jose ("San Jose 2012") will not be excluded.  Evidence of Plaintiffs' alleged bad acts at any event other than those two incidents will be excluded.

5. Plaintiffs' motion in limine no. 5 to exclude evidence of acts or statements by third parties, including Bolbol and Cuviello, is DENIED.

6. Plaintiffs' motion in limine no. 6 to exclude evidence of prior or ongoing litigation is GRANTED in part and DENIED in part.  Subject to the Court's ruling on the Oakland federal injunction, the Court may allow evidence of that injunction's existence and the parameters set forth therein.  The Court will exclude all other evidence of prior or ongoing litigation, except for impeachment purposes or if a party opens the door.

7. Defendants' motion in limine no. 1 to exclude evidence of dismissed incidents, claims, and defendants is GRANTED.  The Court will exclude any evidence relating to any alleged incident between Plaintiffs and Defendants other than the Oakland 2012 and San Jose 2012 incidents.  Evidence relating to the Stockton 2007, Oakland 2008, Oakland 2009, Oakland 2010, Daly City 2011, San Jose 2011, Fresno 2012, and San Jose 2013 incidents are excluded.  Any party who violates this order may be subject to sanction.

8. Defendants' motion in limine no. 2 to exclude evidence regarding the treatment or abuse of circus animals is GRANTED.

---

[1] The Court did not order this briefing at the pretrial conference but orders it herein.

3

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
PRETRIAL CONFERENCE ORDER

9. Defendants' motion in limine no. 3 to exclude evidence that should have been produced in discovery is GRANTED.  Thus, the two photographs purporting to show bruises sustained by Campbell at the Oakland 2012 incident are excluded.

WITNESS LIST: The Court struck Plaintiffs' witness no. 19, Skeet Ellis, for untimely disclosure, and notified Plaintiffs that Deniz Bolbol appears twice on their witness list.  The Court struck Defendants' witness no. 5, Geoff Taylor, for untimely disclosure.  The Court overruled Plaintiffs' objection to Defendants' witness no. 17, Darren Baum, and overruled as moot Plaintiffs' objection to Defendants' witness no. 18, Keith Senglaub, who will not be called as a witness.  By February 2, 2015, the parties shall separately file amended witness lists consistent with the Court's rulings.  The Court will not entertain any additions to the witness lists.

EXHIBIT LIST: In light of the Court's rulings on the motions in limine, the Court struck Plaintiffs' exhibit nos. 102, 103, 104, 105, 106, 107, 108, 126, 133, 134, 136, 140, 141, 142, 143, 144, and 145, and Defendants' exhibit no. 312.  The Court overruled Plaintiffs' objections to Defendants' video exhibits depicting Bolbol and Cuviello.  Defendants indicated that they would provide equipment for the jury to view any video evidence during deliberation.  The parties shall agree on how such evidence will be shown and shall split the cost of providing the equipment.  By February 2, 2015, the parties shall separately file amended exhibit lists consistent with the Court's rulings.  The Court will not entertain any additions to the exhibit lists.

VERDICT FORM: The parties shall file a joint verdict form by January 30, 2015.

DEADLINES: The Court will strike any untimely submissions of the parties.

**IT IS SO ORDERED.**

Dated: January 23, 2015

_____
LUCY H. KOH
United States District Judge

4

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
PRETRIAL CONFERENCE ORDER