UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHANNON CAMPBELL,<br><br>           Plaintiff,<br>v.<br><br>FELD ENTERTAINMENT, INC., and<br>MICHAEL STUART,<br><br>           Defendants.<br><br>MARK ENNIS,<br><br>           Plaintiff,<br>v.<br><br>FELD ENTERTAINMENT, INC., and<br>MICHAEL STUART,<br><br>           Defendants. | Case Nos.: 12-CV-04233-LHK<br>                13-CV-00233-LHK<br><br>**ORDER RE OAKLAND FEDERAL INJUNCTION AND SPECIAL EVENTS PERMIT** |

At the January 22, 2015 pretrial conference, the Court ordered the parties to file supplemental briefing on the relevance to Plaintiffs' remaining claims of the August 2009 federal injunction issued by Judge Patel and the special events permit Defendants obtained prior to the Oakland 2012 animal walk. ECF No. 285 at 3. Plaintiffs filed their briefs on January 27, 2015, ECF Nos. 289, 291, and Defendants responded on January 30, 2015, ECF Nos. 296, 297.

Having reviewed the parties' submissions, the Court rules as follows:

1

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
ORDER RE OAKLAND FEDERAL INJUNCTION AND SPECIAL EVENTS PERMIT

Federal Injunction

As to the federal injunction, the Court agrees with Plaintiffs that, assuming Plaintiffs can establish they knew it existed, the injunction could be relevant to Plaintiffs' battery claims and Campbell's assault claim. Knowledge of the injunction could be relevant to whether a reasonable person in Plaintiffs' shoes would have found any of the alleged touchings or threatened touchings to be offensive during the Oakland 2012 animal walk. If Plaintiffs reasonably thought that the injunction gave them a legal right to walk where they were walking free from interference, then even the slightest touching or threat thereof might have been offensive to a reasonable person in their position. As such, the Court will offer to the jury a limiting instruction concerning evidence of the injunction. The Court will instruct the jury that an injunction was in place at the time of the Oakland 2012 animal walk, that Defendants were not legally bound by that injunction, and that the jury may only consider the injunction to the extent it may be relevant to whether a reasonable person would have found any of the alleged touchings or threatened touchings sustained by Plaintiffs to be offensive. Attached to this Order is a proposed limiting instruction. The parties may file any objections to the instruction's wording only and state their positions on when the instruction should be given by February 6, 2015.

Special Events Permit

As to the special events permit, the Court agrees with Defendants that the permit is irrelevant to Plaintiffs' remaining causes of action. On December 15, 2014, the Court granted summary judgment to Defendants on Plaintiffs' Bane Act claim predicated on Defendants' alleged violation of the special events permit obtained prior to the Oakland 2012 animal walk. ECF No. 233 at 23-24. Plaintiffs have repeatedly failed to identify a single element of a single remaining cause of action for which evidence of the special events permit could be relevant. Unlike with the injunction, Plaintiffs do not allege that they even knew Defendants had obtained a permit for the Oakland 2012 walk, let alone what the scope of that permit might have been. Moreover, Plaintiffs' conclusory assertion that "[t]he permit is thus relevant to the elements of each of Plaintiffs' claims" is unpersuasive. ECF No. 289 at 2. The Court will not allow a mini-trial on an irrelevant, or at most minimally probative, issue—i.e., the scope of the permit. Accordingly, the Court hereby

excludes evidence of the special events permit under Rule 403 because any probative value such evidence might have is substantially outweighed by the danger of confusing the issues, undue delay, and wasting time.

The parties shall amend their witness list, exhibit list, deposition designations, and any other trial materials accordingly. The parties shall file amended witness and exhibit lists by February 6, 2015. The parties shall file amended deposition designations by February 7, 2015.

**IT IS SO ORDERED.**

Dated: February 5, 2015

_____
LUCY H. KOH
United States District Judge

# [PROPOSED] FEDERAL INJUNCTION LIMITING INSTRUCTION

In August 2009, animal rights activists Joseph Cuviello and Deniz Bolbol obtained an injunction in federal court allowing them and a limited number of people acting in concert with them, including Plaintiffs, to conduct free speech activity such as videotaping, leafletting, or otherwise protesting near the Oracle Arena ("Arena") in Oakland, California.

Under the injunction operating at the time of the August 7, 2012 animal walk held in Oakland, Plaintiffs were allowed access to the following areas to conduct free speech activity:
(1) A three-foot "walkway" running along the outside of the chain link fence that encloses the truck corral;
(2) The barricaded corridor leading to the animal compound, the area outside of but directly adjacent to the corridor, and the gap between the corridor and the animal compound entrance except that there shall be a ten-foot buffer zone surrounding the entrance of the compound; (Plaintiffs could be temporarily be moved from the gap to permit movement of equipment and animals.)
(3) The upper west landing area, up to the point where the west ramp joins the landing;
(4) One specific spot located in the area adjacent to the entrance to the north tunnel, which has a clear view of the entire tunnel;
(5) The north ramp and landing;
(6) The northeast stairs and base of the stairs; and
(7) All exterior areas of the Arena and parking lot which are otherwise open to the public.

The injunction was legally binding against the City of Oakland, Alameda County, the Oakland-Alameda County Coliseum Authority, and the Oakland Coliseum Joint Venture LLC, among others. Feld Entertainment, Inc. and Michael Stuart were not legally bound by that injunction.

You may consider the existence and parameters of the injunction only insofar as you find it relevant to whether a reasonable person with knowledge of the injunction would have found any of the alleged touchings or threatened touchings sustained by Plaintiffs to be offensive.

Source: *Cuviello v. City of Oakland*, No. C-06-5517 EMC, 2012 WL 5628325, at *1-2, *5 (N.D. Cal. Nov. 15, 2012) (describing the August 2009 injunction and the August 2010 modification thereto).