UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHANNON CAMPBELL,<br><br>         Plaintiff,<br>   v.<br><br>FELD ENTERTAINMENT, INC., and<br>MICHAEL STUART,<br><br>         Defendants. | Case Nos.: 12-CV-04233-LHK<br>                    13-CV-00233-LHK<br><br>**FEDERAL INJUNCTION LIMITING INSTRUCTION** |
| MARK ENNIS,<br><br>         Plaintiff,<br>   v.<br><br>FELD ENTERTAINMENT, INC., and<br>MICHAEL STUART,<br><br>         Defendants. | |

Dated: February 10, 2015

_____
LUCY H. KOH
United States District Judge

1

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
FEDERAL INJUNCTION LIMITING INSTRUCTION

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**Source:** Ninth Circuit Model Civil Jury Instructions – 1.8 (2007 Edition)

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
FEDERAL INJUNCTION LIMITING INSTRUCTION

**United States District Court**
For the Northern District of California

**FEDERAL INJUNCTION LIMITING INSTRUCTION**

In August 2009, animal rights activists Joseph Cuviello and Deniz Bolbol obtained an injunction in federal court allowing them and a limited number of people acting in concert with them, including Plaintiffs, to conduct activity such as videotaping, leafletting, or otherwise protesting near the Oracle Arena ("Arena") in Oakland, California.

Under the injunction operating at the time of the August 7, 2012 animal walk held in Oakland, Plaintiffs were allowed access to the following areas to conduct activity:
(1) A three-foot "walkway" running along the outside of the chain link fence that encloses the truck corral;
(2) The barricaded corridor leading to the animal compound, the area outside of but directly adjacent to the corridor, and the gap between the corridor and the animal compound entrance except that there shall be a ten-foot buffer zone surrounding the entrance of the compound; (Plaintiffs could be temporarily moved from the gap to permit movement of equipment and animals.)
(3) The upper west landing area, up to the point where the west ramp joins the landing;
(4) One specific spot located in the area adjacent to the entrance to the north tunnel, which has a clear view of the entire tunnel;
(5) The north ramp and landing;
(6) The northeast stairs and base of the stairs; and
(7) All exterior areas of the Arena and parking lot which are otherwise open to the public.

The injunction was legally binding against the City of Oakland, Alameda County, the Oakland-Alameda County Coliseum Authority, and the Oakland Coliseum Joint Venture LLC, among others.  Feld Entertainment, Inc. and Michael Stuart were not legally bound by that injunction.

You may consider the existence and parameters of the injunction only insofar as you find it relevant to whether a reasonable person with knowledge of the injunction would have found any of the alleged touchings or threatened touchings sustained by Plaintiffs to be offensive and/or whether Defendants, if they were aware of the injunction, acted with malice towards Plaintiffs.

**Source:** *Cuviello v. City of Oakland*, No. C-06-5517 EMC, 2012 WL 5628325, at *1-2, *5 (N.D. Cal. Nov. 15, 2012) (describing the August 2009 injunction and the August 2010 modification thereto).