1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SHANNON CAMPBELL,<br><br>     Plaintiff,<br>  v.<br><br>FELD ENTERTAINMENT, INC., and<br>MICHAEL STUART,<br><br>     Defendants. | Case Nos.: 12-CV-04233-LHK<br>      13-CV-00233-LHK<br><br>**FINAL JURY INSTRUCTIONS<br>(ANNOTATED)** |
| MARK ENNIS,<br><br>     Plaintiff,<br>  v.<br><br>FELD ENTERTAINMENT, INC., and<br>MICHAEL STUART,<br><br>     Defendants. | |

   The parties shall file any objections not previously lodged with the Court by February 19, 2015, at 4:00 p.m.

**IT IS SO ORDERED.**

Dated: February 18, 2015

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

United States District Court
For the Northern District of California

# I.   GENERAL INSTRUCTIONS

## 1. DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and will hear the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.1C (2007 Edition).

## 2. BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.3 (2007 Edition).

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

### 3. BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.4 (2007 Edition).

1

## 4. TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS

2

3

You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

4

5

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.5 (2007 Edition).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

5

# 5. WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

    (1) the sworn testimony of any witness;
    (2) the exhibits which are received in evidence; and
    (3) any facts to which the lawyers have agreed.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.6 (2007 Edition).

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

**United States District Court**
For the Northern District of California

# 6. WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

    (1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

    (2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

    (3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

    (4) Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.7 (2007 Edition).

**United States District Court**
For the Northern District of California

**7. DIRECT OR CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.9 (2007 Edition).

United States District Court
For the Northern District of California

# 8. CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:
    (1) the opportunity and ability of the witness to see or hear or know the things testified to;
    (2) the witness's memory;
    (3) the witness's manner while testifying;
    (4) the witness's interest in the outcome of the case and any bias or prejudice;
    (5) whether other evidence contradicted the witness's testimony;
    (6) the reasonableness of the witness's testimony in light of all the evidence; and
    (7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.


**Source:** Ninth Circuit Model Civil Jury Instructions - 1.11 (2007 Edition).

**9. EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**Source:** Ninth Circuit Model Civil Jury Instructions – 1.8 (2007 Edition).

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 10. DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.


**Source:** Ninth Circuit Model Civil Jury Instructions - 2.4 (2007 Edition).

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

# 11. IMPEACHMENT EVIDENCE – WITNESS

The evidence that a witness lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Source:** Ninth Circuit Model Civil Jury Instructions - 2.8 (2007 Edition).

United States District Court
For the Northern District of California

## 12. EVIDENCE IN ELECTRONIC FORMAT

Exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them using equipment provided to you in the jury room.

A court technician will show you how to operate the equipment and how to locate and view the exhibits.  You will also be provided with a list of all exhibits received in evidence.  If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the equipment, you may send a note to the Bailiff, signed by your presiding juror or by one or more members of the jury.  Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the courtroom deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the equipment in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the equipment for any other purpose.  At my direction, technicians have taken steps to make sure that the equipment does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the equipment to obtain access to such materials.  If you discover that the equipment provides or allows access to such materials, you must inform me immediately and refrain from viewing such materials.  Do not remove the equipment or exhibits from the jury room, and do not copy the exhibits.

**Source:** Ninth Circuit Model Civil Jury Instructions - 2.14 (2007 Edition) (modified).

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

## II.    CAUSES OF ACTION

<h3 style="text-align:center">13. INTRODUCTION</h3>

Ms. Campbell has brought the following causes of action against Feld Entertainment, Inc.:
    (1) Ralph Act, Cal. Civ. Code § 51.7;
    (2) Bane Act, Cal. Civ. Code § 52.1 (based only on Cal. Civ. Code § 43);
    (3) Battery; and
    (4) Assault.

Ms. Campbell has brought the following causes of action against Mr. Stuart:
    (1) Ralph Act, Cal. Civ. Code § 51.7;
    (2) Bane Act, Cal. Civ. Code § 52.1 (based only on Cal. Civ. Code § 43); and
    (3) Battery.

Mr. Ennis has brought the following causes of action against Feld Entertainment, Inc.:
    (1) Ralph Act, Cal. Civ. Code § 51.7;
    (2) Bane Act, Cal. Civ. Code § 52.1 (based only on Cal. Civ. Code § 43); and
    (3) Battery.

Mr. Ennis has brought the following causes of action against Mr. Stuart:
    (1) Ralph Act, Cal. Civ. Code § 51.7;
    (2) Bane Act, Cal. Civ. Code § 52.1 (based only on Cal. Civ. Code § 43); and
    (3) Battery.

Ms. Campbell and Mr. Ennis bear the burden of proving each of their causes of action by a preponderance of the evidence.

**Sources:** ECF Nos. 233, 235, 243, 285.

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

**14. RALPH ACT – ACTS OF VIOLENCE – ESSENTIAL FACTUAL ELEMENTS**

To establish a Ralph Act claim based on an act of violence, a plaintiff must prove all of the following:
   (1) That the defendant committed an act of violence against the plaintiff;
   (2) That the act was taken because of the defendant's perception of the plaintiff's political affiliation;
   (3) That the plaintiff was harmed; and
   (4) That the defendant's conduct was a substantial factor in causing the plaintiff's harm.


**Sources:** Cal. Civ. Code § 51.7(a); CACI § 3063 (modified).

**15. RALPH ACT – THREATS OF VIOLENCE – ESSENTIAL FACTUAL ELEMENTS**

To establish a Ralph Act claim based on a threat of violence, a plaintiff must prove all of the following:

(1) That the defendant intentionally threatened violence against the plaintiff, whether or not the defendant actually intended to carry out the threat;

(2) That the threat was made because of the defendant's perception of the plaintiff's political affiliation;

(3) That a reasonable person in the plaintiff's position would have believed that the defendant would carry out the threat.

(4) That a reasonable person in the plaintiff's position would have been intimidated by the defendant's conduct;

(5) That the plaintiff was harmed; and

(6) That the defendant's conduct was a substantial factor in causing the plaintiff's harm.

**Sources:** Cal. Civ. Code § 51.7(a); CACI § 3064 (modified).

# 16. RALPH ACT – DEFINITION OF VIOLENCE

"Violence" means the wrongful application of physical force against the property or the person of another.

**Sources:** *People v. Bravot*, 183 Cal. App. 3d 93, 97 (1985); *Arellano v. Cnty. of L.A.*, No. B213224, 2010 WL 2905954, at *4 (Cal. Ct. App. July 27, 2010) (unpublished); *see also Bolbol et al. v. Feld Entm't, Inc., et al.*, No. CV 11-05539-PSG (Jury Instructions) (Feb. 14, 2013) (ECF No. 250).

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 17. RALPH ACT – POLITICAL AFFILIATION

Ms. Campbell and Mr. Ennis are animal rights activists who demonstrate against and videotape what they consider to be the mistreatment of circus animals.  Ms. Campbell and Mr. Ennis's activism and membership in Humanity Through Education constitute political affiliation for purposes of the Ralph Act.

**Source:** ECF No. 286.

18

1

## 18. CAUSATION – SUBSTANTIAL FACTOR

2

3   A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

4

5   Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

6

7   **Sources:** CACI § 430; *see also* Guide for Using Judicial Council of California Civil Jury Instructions, at xxviii ("The instructions frequently use the term 'substantial factor' to state the element of causation, rather than referring to 'cause' and then defining that term in a separate instruction as a 'substantial factor.'  An instruction that defines 'substantial factor' is located in the Negligence series.  The use of the instruction is not intended to be limited to cases involving negligence.").

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

19

1

## 19. BANE ACT – ESSENTIAL FACTUAL ELEMENTS

2

To establish a Bane Act claim predicated on Cal. Civ. Code § 43, a plaintiff must prove all of the
following:

    (1)  That the defendant violated or attempted to violate the plaintiff's right of protection from
         bodily restraint or harm;

    (2)  That the defendant used threats, intimidation, or coercion in violating or attempting to
         violate the plaintiff's right of protection from bodily restraint or harm;

    (3)  That the plaintiff was harmed; and

    (4)  That the defendant's conduct was a substantial factor in causing the plaintiff's harm.

**Sources:** Cal. Civ. Code § 52.1; Cal. Civ. Code § 43; CACI § 3066 (modified); *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 883 (2007) ("The word 'interferes' as used in the Bane Act means 'violates.'").

United States District Court
For the Northern District of California

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

United States District Court
For the Northern District of California

1

**20. RIGHT OF PROTECTION FROM BODILY RESTRAINT OR HARM**

2

3

Under Cal. Civ. Code § 43, citizens have a right of protection from bodily restraint or harm, which refers to an individual's right to be free from physical attack or the threat thereof.

4

5

**Sources:** Cal. Civ. Code § 43; *Atilano v. Cnty. of Butte*, No. CV 07-0384-FCD, 2008 WL 4078809, at *6 (E.D. Cal. Aug. 29, 2008) (quoting *People v. Lashley*, 1 Cal. App. 4th 938, 951 (1991)).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

## 21. BANE ACT – DEFINITION OF THREATS, INTIMIDATION, AND COERCION

The terms "threats," "intimidation," and "coercion" have the following meaning:

"Threats" are expressions of intent to inflict evil, injury, or damage on another.

"Intimidation" means putting another person in fear for the purpose of compelling or deterring conduct.

"Coercion" is the application to another of such force, either physical or moral, as to constrain him or her to do against his or her will something he or she would not otherwise have done or to prevent him or her from doing something he or she would otherwise have done.

**Source:** *Bolbol et al. v. Feld Entm't, Inc., et al.*, No. CV 11-05539-PSG (Jury Instructions) (Feb. 14, 2013) (ECF No. 250) (citing *In re M.S.*, 10 Cal. 4th 698, 710 (1995)).

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 22. BATTERY – ESSENTIAL FACTUAL ELEMENTS

To establish a claim for battery, a plaintiff must prove all of the following:

    (1) That the defendant touched the plaintiff or caused the plaintiff to be touched with the intent to harm or offend the plaintiff;

    (2) That the plaintiff did not consent to the touching;

    (3) That the plaintiff was harmed or offended by the conduct; and

    (4) That a reasonable person in the plaintiff's situation would have been offended by the touching.

**Sources:** CACI § 1300; *Yun Hee So v. Sook Ja Shin*, 212 Cal. App. 4th 652, 669 (2013).

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 23. ASSAULT – ESSENTIAL FACTUAL ELEMENTS

To establish a claim for assault, a plaintiff must prove all of the following:
   (1)  That the defendant threatened to touch the plaintiff in a harmful or an offensive manner;
   (2)  That it reasonably appeared to the plaintiff that the defendant was about to carry out the threat;
   (3)  That the plaintiff did not consent to the defendant's conduct;
   (4)  That the plaintiff was harmed; and
   (5)  That the defendant's conduct was a substantial factor in causing the plaintiff's harm.

A touching is offensive if it offends a reasonable sense of personal dignity.  Words alone do not amount to an assault.

**Source:** CACI § 1301.

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 24. CONSENT EXPLAINED

For claims of battery and assault, a plaintiff must prove that he or she did not consent to any touching or threatened touching by the defendant.  A plaintiff may express consent by words or acts that are reasonably understood by another person as consent.

A plaintiff may also express consent by silence or inaction if a reasonable person would understand that the silence or inaction intended to indicate consent.

**Source:** CACI § 1302.

25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 25. FEDERAL INJUNCTION LIMITING INSTRUCTION

In August 2009, animal rights activists Joseph Cuviello and Deniz Bolbol obtained an injunction in federal court allowing them and a limited number of people acting in concert with them, including Ms. Campbell and Mr. Ennis, to conduct activity such as videotaping, leafletting, or otherwise protesting near the Oracle Arena ("Arena") in Oakland, California.

Under the injunction operating at the time of the August 7, 2012 animal walk held in Oakland, Ms. Campbell and Mr. Ennis were allowed access to the following areas to conduct activity:

   (1) A three-foot "walkway" running along the outside of the chain link fence that encloses the truck corral;

   (2) The barricaded corridor leading to the animal compound, the area outside of but directly adjacent to the corridor, and the gap between the corridor and the animal compound entrance except that there shall be a ten-foot buffer zone surrounding the entrance of the compound; (Ms. Campbell and Mr. Ennis could be temporarily moved from the gap to permit movement of equipment and animals.)

   (3) The upper west landing area, up to the point where the west ramp joins the landing;

   (4) One specific spot located in the area adjacent to the entrance to the north tunnel, which has a clear view of the entire tunnel;

   (5) The north ramp and landing;

   (6) The northeast stairs and base of the stairs; and

   (7) All exterior areas of the Arena and parking lot which are otherwise open to the public.

The injunction was legally binding against the City of Oakland, Alameda County, the Oakland-Alameda County Coliseum Authority, and the Oakland Coliseum Joint Venture LLC, among others. Feld Entertainment, Inc. and Mr. Stuart were not legally bound by that injunction.

You may consider the existence and parameters of the injunction only insofar as you find it relevant to whether a reasonable person with knowledge of the injunction would have found any of the alleged touchings or threatened touchings sustained by Ms. Campbell and Mr. Ennis to be offensive and/or whether Feld Entertainment, Inc. and Mr. Stuart, if they were aware of the injunction, acted with malice towards Ms. Campbell and Mr. Ennis.

**Source:** *Cuviello v. City of Oakland*, No. C-06-5517 EMC, 2012 WL 5628325, at *1-2, *5 (N.D. Cal. Nov. 15, 2012) (describing the August 2009 injunction and the August 2010 modification thereto).

## 26. SELF-DEFENSE

To prevail on an affirmative defense of self-defense, a defendant must prove both of the following:
    (1) That the defendant reasonably believed that the plaintiff was going to harm him or her; and
    (2) That the defendant used only the amount of force that was reasonably necessary to protect himself or herself.

**Source:** CACI § 1304.

## 27. AIDING AND ABETTING – ESSENTIAL FACTUAL ELEMENTS

Ms. Campbell and Mr. Ennis claim that they were harmed by Mr. Stuart's assault and/or battery and that Mr. Stuart is responsible for that harm.  In addition, Ms. Campbell and Mr. Ennis claim that they were harmed by other Feld Entertainment, Inc. employees' assault and battery and that Mr. Stuart is also responsible for that harm because he aided and abetted the other Feld Entertainment, Inc. employees in committing the assault and battery.

A defendant is responsible as an aider and abetter if the plaintiff proves all of the following:
>    (1) That the defendant knew that an assault or battery was being committed or going to be committed by another individual against the plaintiff;
>    (2) That the defendant gave substantial assistance or encouragement to the other individual; and
>    (3) That the defendant's conduct was a substantial factor in causing harm to the plaintiff.

Mere knowledge that an assault or battery was being committed or going to be committed and the failure to prevent it do not constitute aiding and abetting.

**Source:** CACI § 3610.

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

*United States District Court*
*For the Northern District of California*

III.    **RESPONDEAT SUPERIOR**

### 28. CORPORATIONS – FAIR TREATMENT

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**Source:** Ninth Circuit Model Civil Jury Instructions - 4.1 (2007 Edition).

**United States District Court**
For the Northern District of California

# 29. VICARIOUS LIABILITY

An employer is responsible for harm caused by the wrongful conduct of its employees while acting within the scope of their employment.

**Source:** CACI § 3700.

**30. VICARIOUS LIABILITY ASSERTED AGAINST EMPLOYER –
ESSENTIAL FACTUAL ELEMENTS**

An employer should be held liable for the harm caused by the unlawful actions of its employees if the plaintiff proves both of the following:

    (1) That the offending individual was employed by the employer; and

    (2) That the offending individual was acting within the scope of his or her employment when the plaintiff was harmed.

**Source:** CACI § 3701.

United States District Court
For the Northern District of California

# 31. SCOPE OF EMPLOYMENT

Conduct is within the scope of employment if:
1. (1) It is reasonably related to the kinds of tasks that the employee was employed to perform; or
2. (2) It is reasonably foreseeable in light of the employer's business or the employee's job responsibilities.


**Source:** CACI § 3720.

United States District Court
For the Northern District of California

## 32. FORESEEABILITY

Foreseeability means that, in the context of the particular enterprise, an employee's conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business.  Conduct by an employee is not reasonably foreseeable if it occurs when the employee substantially deviates from his or her employment duties for personal purposes or acts out of malice unconnected with the employment.

**Source:** *Farmers Ins. Grp. v. Cnty. of Santa Clara*, 11 Cal. 4th 992, 1004-05 (1995).

United States District Court
For the Northern District of California

1

### 33. GOING-AND-COMING RULE

2

3    In general, an employee is not acting within the scope of employment while traveling to and from
the workplace.  But if the employee, while commuting, is on an errand for the employer, then the
employee's conduct is within the scope of his or her employment from the time the employee starts
on the errand until he or she returns from the errand or until he or she completely abandons the
errand for personal reasons.

4

5

6    **Source:** CACI § 3724.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

1

United States District Court
For the Northern District of California

## IV.    DAMAGES

### 34. DAMAGES – PROOF

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Ms. Campbell and Mr. Ennis, you must determine their damages.  Ms. Campbell and Mr. Ennis have the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendants.  You should consider the following:
    (1) The nature and extent of the injuries; and
    (2) The mental, physical, and/or emotional pain and suffering experienced; and
    (3) The reasonable value of necessary medical care, treatment, and services received to the
       present time.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

**Source:** Ninth Circuit Model Civil Jury Instruction - 5.1 (2007 Edition).

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 35. DAMAGES ON MULTIPLE CAUSES OF ACTION

Ms. Campbell and Mr. Ennis seek damages from Mr. Stuart and Feld Entertainment, Inc. for each of their causes of action.  However, each item of damages may be awarded only once, regardless of the number of causes of action alleged.

The following item of damages claimed by Ms. Campbell and Mr. Ennis is recoverable only once: emotional distress.

**Source:** CACI § 3934.

36

## 36. DAMAGES AND PENALTY – RALPH ACT

If you decide that a plaintiff has proved his or her Ralph Act claim, you must award the following:
    (1)  Actual damages sufficient to reasonably compensate the plaintiff for the harm;
    (2)  A civil penalty of $25,000; and
    (3)  Punitive damages, if any.

The plaintiff must prove the amount of his or her actual damages.  However, the plaintiff does not have to prove the exact amount of the harm or the exact amount of damages that will provide reasonable compensation for the harm.  You must not speculate or guess in awarding damages.

The following is the specific item of damages claimed by Ms. Campbell and Mr. Ennis: emotional distress.

**Sources:** CACI § 3068 (modified); *Bolbol et al. v. Feld Entm't, Inc., et al.*, No. CV 11-05539-PSG (Jury Instructions) (Feb. 14, 2013) (ECF No. 250).

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 37. DAMAGES – BANE ACT

If you decide that a plaintiff has proved his or her Bane Act claim, you also must decide how much money will reasonably compensate the plaintiff for the harm.

The plaintiff must prove the amount of his or her actual damages.  However, the plaintiff does not have to prove the exact amount of the harm or the exact amount of damages that will provide reasonable compensation for the harm.  You must not speculate or guess in awarding damages.

The following is the specific item of damages claimed by Ms. Campbell and Mr. Ennis: emotional distress.

In addition, you may award Ms. Campbell and Mr. Ennis up to three times the amount of their actual damages as a penalty against Feld Entertainment, Inc. or Mr. Stuart.


**Sources:** CACI § 3067; *Bolbol et al. v. Feld Entm't, Inc., et al.*, No. CV 11-05539-PSG (Jury Instructions) (Feb. 14, 2013) (ECF No. 250).

## 38. EMOTIONAL DISTRESS DAMAGES

If you find that Ms. Campbell and Mr. Ennis have proved their claim for emotional distress damages, you must decide on the amount.  No fixed standard exists for deciding the amount of emotional distress damages.  You must use your judgment to decide a reasonable amount based on the evidence and your common sense.


**Source:** CACI § 3905A (modified).

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

# 39. MITIGATION OF DAMAGES

If you decide that a defendant is responsible for the original harm, the plaintiff is not entitled to recover damages for harm that the defendant proves the plaintiff could have avoided with reasonable efforts or expenditures.

You should consider the reasonableness of the plaintiff's efforts in light of the circumstances facing him or her at the time, including his or her ability to make the efforts or expenditures without undue risk or hardship.

If a plaintiff made reasonable efforts to avoid harm, then your award should include reasonable amounts that he or she spent for this purpose.

**Source:** CACI § 3930.

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

## 40. PUNITIVE DAMAGES

If you decide that a defendant's conduct caused the plaintiff's harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against an individual defendant only if the plaintiff proves by clear and convincing evidence that the individual engaged in that conduct with malice, oppression, or fraud.

You may award punitive damages against an entity defendant only if the plaintiff proves by clear and convincing evidence that the entity acted with malice, oppression, or fraud. To do this, the plaintiff must prove the following by clear and convincing evidence:

    (1) That the malice, oppression, or fraud was the conduct of one or more officers, directors, or managing agents of the entity, who acted on behalf of the entity; or

    (2) That an officer, a director, or a managing agent of the entity had advance knowledge of the unfitness of the entity's employees and employed them with a knowing disregard of the rights or safety of others; or

    (3) That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of the entity; or

    (4) That one or more officers, directors, or managing agents of the entity knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that a defendant acted with intent to cause injury or that a defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A defendant acts with knowing disregard when the defendant is aware of the probable dangerous consequences of his or its conduct and deliberately fails to avoid those consequences.

"Oppression" means that a defendant's conduct was despicable and subjected the plaintiff to cruel and unjust hardship in knowing disregard of his or her rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that a defendant intentionally misrepresented or concealed a material fact and did so intend to harm the plaintiff.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decisionmaking such that his or her decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

    (1) How reprehensible was that defendant's conduct? In deciding how reprehensible a defendant's conduct was, you may consider, among other factors:

        (a) Whether the conduct caused physical harm;

      (b) Whether the defendant disregarded the health or safety of others;

      (c) Whether the plaintiff was financially weak or vulnerable and the defendant knew the plaintiff was financially weak or vulnerable and took advantage of him or her;

      (d) Whether the defendant's conduct involved a pattern or practice; and

      (e) Whether the defendant acted with trickery or deceit.

(2) Is there a reasonable relationship between the amount of punitive damages and the plaintiff's harm that the defendant knew was likely to occur because of his or its conduct?

(3) In view of that defendant's financial condition, what amount is necessary to punish him or it and discourage future wrongful conduct?  You may not increase the punitive award above an amount that is otherwise appropriate merely because a defendant has substantial financial resources.  Any award you impose may not exceed that defendant's ability to pay.

**Sources:** CACI § 3947; *Bolbol et al. v. Feld Entm't, Inc., et al.*, No. CV 11-05539-PSG (Jury Instructions) (Feb. 14, 2013) (ECF No. 250).

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

# V.   CLOSING INSTRUCTIONS

## 41. DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source:** Ninth Circuit Model Civil Jury Instructions - 3.1 (2007 Edition).

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

## 42. COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Bailiff signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the Court.

**Source:** Ninth Circuit Model Civil Jury Instructions - 3.2 (2007 Edition).

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**43. RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the Court that you are ready to return to the courtroom.


**Source:** Ninth Circuit Model Civil Jury Instructions - 3.3 (2007 Edition).

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)