UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHANNON CAMPBELL,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>FELD ENTERTAINMENT, INC., and<br>MICHAEL STUART,<br><br>　　　　　　Defendants. | Case Nos.: 12-CV-04233-LHK<br>　　　　　　13-CV-00233-LHK<br><br>**ORDER GRANTING PLAINTIFFS'<br>MOTION TO REOPEN FOR<br>LIMITED PURPOSE** |
| MARK ENNIS,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>FELD ENTERTAINMENT, INC., and<br>MICHAEL STUART,<br><br>　　　　　　Defendants. | |

Having considered the parties' submissions, the relevant law, and the record in this case, the Court hereby GRANTS Plaintiffs' motion to reopen (ECF No. 345) for the limited purpose of allowing Plaintiffs to admit one item into evidence: the declaration of Keith Senglaub concerning Feld Entertainment, Inc's net worth (ECF No. 247-1).  The Court recognizes that Plaintiffs' motion in limine no. 2 sought to exclude the Senglaub declaration as untimely disclosed, ECF No. 246; that Plaintiffs further objected to the Senglaub declaration's admission at the January 22, 2015

pretrial conference ("PTC") on hearsay and foundational grounds, ECF No. 315 at 77:8-14; and that the Senglaub declaration has *never* appeared on any of the six exhibit lists Plaintiffs have filed in this case, *see* ECF Nos. 252, 253, 258, 270, 309, 325.  The Court understands Defendants' frustration with Plaintiffs' repeated failure to comply with deadlines and obligations throughout this case.

Nonetheless, the Court, exercising its sound discretion, will allow Plaintiffs to reopen their case for the limited purpose of admitting the Senglaub declaration.  *See Keith v. Volpe*, 858 F.2d 467, 478 (9th Cir. 1988) (explaining that "reopening is within the discretion of the trial court" and "that the evidence requested should both be important as a matter preventing injustice and reasonably be available").  Were the Court to deny Plaintiffs' motion, Plaintiffs would be precluded from arguing punitive damages to the jury.  *See Adams v. Murakami*, 813 P.2d 1348 (Cal. 1991) (holding that "an award of punitive damages cannot be sustained on appeal unless the trial record contains meaningful evidence of the defendant's financial condition").  That is too drastic a result given that the Senglaub declaration is Defendants' own document and was on Defendants' original exhibit list as DX 311.  *See* ECF No. 244-1 at 30.  Although the Senglaub declaration is not included in Defendants' operative exhibit list, *see* ECF No. 319; *see also* ECF No. 305, Defendants were aware since at least the PTC that the Senglaub declaration could be admitted at trial.  Weighing the equities, the Court concludes that allowing Plaintiffs the opportunity to introduce a single, one-page document into evidence is warranted.

The Court, however, will not interrupt Defendants' case-in-chief to allow Plaintiffs to admit the Senglaub declaration.  To avoid confusing the jury, Plaintiffs will not be allowed to introduce the declaration until Defendants rest.  After Plaintiffs introduce the declaration in their rebuttal case, Defendants will then have the opportunity in their rebuttal case to respond to the document. Defendants may also introduce the Senglaub declaration in their case-in-chief, should they so choose.

**IT IS SO ORDERED.**

Dated: February 19, 2015

_____
LUCY H. KOH
United States District Judge

2

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
ORDER GRANTING PLAINTIFFS' MOTION TO REOPEN FOR LIMITED PURPOSE