UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHANNON CAMPBELL,<br><br>              Plaintiff,<br>    v.<br><br>FELD ENTERTAINMENT, INC., and<br>MICHAEL STUART,<br><br>              Defendants. | Case Nos.: 12-CV-04233-LHK<br>              13-CV-00233-LHK<br><br>**AMENDED ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW** |
| MARK ENNIS,<br><br>              Plaintiff,<br>    v.<br><br>FELD ENTERTAINMENT, INC., and<br>MICHAEL STUART,<br><br>              Defendants. | |

This order supersedes ECF No. 361, which was filed in error.

Before the Court is Defendants' Motion for Judgment as a Matter of Law, which Defendants filed on February 18, 2015. ECF No. 349. Plaintiffs opposed the motion on February 19, 2015. ECF No. 355. Having considered the parties' submissions, the relevant law, and the

record in this case, the Court hereby GRANTS in part and DENIES in part Defendants' Motion for Judgment as a Matter of Law.

In light of the Court's decision to allow Plaintiffs to reopen their case in order to introduce the declaration of Keith Senglaub concerning Feld Entertainment, Inc's ("FEI") net worth, ECF No. 353, the Court DENIES Defendants' motion as to punitive damages as to FEI. Drawing "all reasonable evidentiary inferences in favor of the non-moving party," the Court cannot say as a matter of law that "no reasonable jury could find for" Plaintiffs on their punitive damages claim against FEI. *Ritchie v. United States*, 451 F.3d 1019, 1023 (9th Cir. 2006).

Regarding Defendants' motion for judgment as a matter of law as to punitive damages as to Michael Stuart ("Stuart"), Defendants point out that Plaintiffs have offered no evidence whatsoever of Stuart's financial condition. ECF No. 349 at 1-2. "[A]n award of punitive damages cannot be sustained on appeal unless the trial record contains meaningful evidence of the defendant's financial condition." *Adams v. Murakami*, 813 P.2d 1348, 1349 (Cal. 1991). Plaintiffs' opposition to Defendants' motion is silent on Stuart's financial condition, *see* ECF No. 355, and no such evidence was presented in Plaintiffs' case in chief. Plaintiffs' opposition only points to Plaintiffs' request to reopen its case in chief in order to introduce the Senglaub declaration as evidence of *FEI's* net worth. ECF No. 355 at 2. Accordingly, the Court GRANTS Defendants' motion for judgment as a matter of law as to Plaintiffs' punitive damages claims against Stuart.

The Court GRANTS Defendants' motion as to Campbell's claim under California's Unfair Competition Law ("UCL"). To establish standing under the UCL, a plaintiff must demonstrate that she "suffered injury in fact and . . . lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. In other words, a plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that that economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Super. Ct.*, 246 P.3d 877, 885 (Cal. 2011). Based on the evidence admitted at trial, Campbell cannot do so. Indeed, Campbell testified that her only purported economic injury caused by FEI related to the purchase of

2

Case Nos.: 12-CV-04233-LHK; 13-CV-00233-LHK
AMENDED ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

additional memory cards (i.e., Mini DVDs and Mini DVs) for a video camera she had stopped using prior to the August 7, 2012 animal walk in Oakland. *See* Trial Tr. 281:16-19 (Campbell testifying that, due to "incidents with Ringling," she "had to spend more money on Mini DVD's for the first camera that I used, also Mini DVs"); *id.* at 293:6-16 (Campbell testifying that at the August 7, 2012 animal walk in Oakland she was using a Sony camera that takes SD cards, not Mini DVDs or Mini DVs). With no evidentiary basis for a reasonable jury to find that Campbell sustained any economic injury as a result of FEI's conduct at the August 7, 2012 animal walk in Oakland, Defendants are entitled to judgment as a matter of law on Campbell's UCL claim.

The Court DENIES Defendants' motion as to all other proffered bases. Drawing "all reasonable evidentiary inferences in favor of the non-moving party," the Court cannot say as a matter of law that "no reasonable jury could find for" Plaintiffs on their Ralph Act and Bane Act claims, nor on Plaintiffs' claims for emotional distress damages or Campbell's aiding and abetting claim against Stuart. *Ritchie*, 451 F.3d at 1023.

**IT IS SO ORDERED.**

Dated: February 19, 2015

*Lucy H. Koh*
LUCY H. KOH
United States District Judge